[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 615 
When this case was here before (16 N.Y., 575), it appeared that the defendant, Hall, held a second mortgage upon the premises covered by the mortgage which this action is brought to foreclose; and it was held, that his mortgage having been given prior to the actions of Consalus against Linn, to which he was not a party, he was not estopped from contesting the amount due on the prior mortgage by the proceedings in such actions.
But it appeared on the second trial, that Hall was not a mortgage creditor at all; that he had executed and delivered a satisfaction-piece of the mortgage; that, on the 20th of January, 1853, he took a judgment by confession against Consalus for his mortgage debt; that the mortgaged premises were subsequently sold upon prior liens, and that Hall, under his judgment, subsequently redeemed, and took the sheriff's deed; and that subsequently Consalus conveyed the premises to him by warranty deed.
Hall, then, at the time of the trial, stood in the position of a grantee of Consalus by grant subsequent to the proceedings in the actions by Consalus against Linn, and, as such grantee, must be deemed to have taken his title subject to the prior mortgage not only, but subject to the proceedings in such actions, and is estopped by them, if Consalus, his grantor, is. This is substantially said, I think, by Judge SELDEN, in his opinion in this case (16 N.Y.), and would appear to follow from the cases cited by him.
The question, and the only question, in this case, is, then, whether Consalus was estopped, by the proceedings and judgment in his prior actions against Linn, from contesting the amount found and reported to be due on the mortgage by the referees to whom those actions were referred. *Page 616 
The referee in this case does not find the fact, but I assume, and the case shows, that the question whether the mortgage was fully paid, in the prior action of Consalus against Linn, involved the taking of an account between them, and that the question how much, if anything, was due on the mortgage, was contested before the referees.
Independent of the stipulation, it is quite plain that the proceedings and judgment in the prior action of Consalus against Linn was not conclusive in this action as to the amount due on the mortgage.
To make such proceedings and judgment thus conclusive, it should have appeared, not only that the amount due on the mortgage was litigated, and found by the referees in such prior action; but it should also have appeared, by the record of the judgment in such prior action, that the amount due on the mortgage was put in issue by the pleadings in such prior action. (Campbell v. Butts, 3 Comst., 173; Manny v. Harris, 2 John., 24; Young v. Rummell, 2 Hill, 481; Burdick v.Post, 12 Barb., 168; Doty v. Brown, 4 Comst., 71;Standish v. Parker, 2 Pick., 20.)
Even an agreement between the parties, that matters foreign to the pleadings shall be given in evidence and decided by the verdict of a jury, will not, it seems, enlarge the operation of a judgment entered on such verdict by way of estoppel. (Wolfe v.Washburn, 6 Cow., 262; Guest v. Warren, 9 Ex., 379; 2 Smith Lead. Cases, 672.)
Now, it is plain that the trial of the issue between the parties, in the prior action of Consalus against Linn, as shown by the record of the judgment in that action, did not directly or necessarily require the referees to find or report how much was due on the mortgage. The question by the pleadings in that action was, whether the mortgage and judgments were paid. If any amount was due on them, the plaintiff was not entitled to the relief he asked for, and the judgment dismissing the complaint was proper. (Beekman v. Frost, 18 John., 544.)
It is true, in this case, in consequence of the nature of the transactions between Consalus and Linn, it was probably *Page 617 
necessary to take and state an account between them, which would show how much was due upon the mortgage, in order to determine whether anything was due; but the evidence and inquiry as to the amount due was merely incidental or collateral to the direct issue, whether anything was due. And it would appear, from the cases before cited, that the principle of res adjudicata does not apply to matters arising only incidentally or collaterally. (Lawrence v. Hunt, 10 Wend., 80-83; Sweet v. Tuttle,14 N Y, 465.)
This is my view of the question of estoppel, independent of the stipulation.
Now, I cannot see that the question of estoppel is at all affected by the stipulation.
The stipulation does not enlarge, and from its terms I cannot see that it was intended to enlarge or alter the issue raised by the pleadings, or the relief asked for by the complaint in that action.
The stipulation is entitled, in the three actions referred to the same referees. The other two actions were legal actions. Neither the pleadings nor the evidence in the other two actions are in the case. It may be that the pleadings in the other two actions required amending to meet the evidence in those cases; but we have the pleadings and the evidence in the other action, the proceedings and judgment in which are insisted upon as an estoppel. In that case it cannot be said but that the evidence before the referees, which resulted in showing the amount due on the mortgage in their opinion, was incidentally proper, and even necessary, to show whether anything was due on the mortgage, and, therefore, we cannot say that the parties, by the stipulation, intended that the pleadings in the case might be amended, or considered as amended, to meet the evidence. Ordinarily by an amendment is not intended a reform of a pleading to the extent of adding a new cause of action.
If the stipulation as to amending was intended to apply to the pleadings in the action, the proceedings and judgment in which are insisted upon as an estoppel, and if by it was intended that Linn's answer should be considered as amended, *Page 618 
so as to ask for affirmative relief, and allow him to enter judgment for the amount reported by the referees to be due on the mortgage, why did he accept their report and enter judgment on it, dismissing the complaint merely, and then assign the mortgage to the plaintiff in this action without the judgment, and then the plaintiff commence this action to foreclose the mortgage, not at all founded on the judgment in the prior action, and without alluding in his complaint to that judgment, as determining the amount due on the mortgage?
In my opinion, these acts of the plaintiff and of his assignor go to show that they did not consider the stipulation as giving the force and effect to the judgment of determining the amount due on the mortgage.
As to that part of the stipulation which says that the referees might decide the suits upon principles of equity, without regarding technicalities. If the word equity was used in a technical sense, the provision was useless if intended to apply to the equitable action: if the word was used in a more enlarged sense, and was intended to apply to the equitable action, then the provision must be deemed to mean that the referees might determine the issue between the parties in that action according to principles of equity, c.
As to the provision of the stipulation that the reports of the referees should be final and conclusive between the parties, that might affect the question of the right of appeal, but cannot affect the question of estoppel.
My conclusion is, that the judgment of the Supreme Court should be affirmed, with costs.
All the judges concurring,
Judgment affirmed. *Page 619