Sedgwick, J.
I do not see in the averments of the complaint any cause of action.
The complaint takes the position that the issues in Miles v. Burr did not require an adjudication as to the several rights of the parties to this action, that those several rights were never submitted to the referee, and that what he did in the matter was unauthorized and invalid as an adjudication. If that be so, the plaintiff is not injured by the result of that action, as such, for it forms no estoppel (Stevens v. Hall, 2 Robt. 624; Campbell v. Consalus, 25 N. Y. 613 ; People ex rel. Reilly v. Johnson, 28 Id. 63; Sweet v. Tuttle, 14 Id. 465), and there can be no justification for taking hold of that action, reforming its pleadings, and calling upon the same referee, or another, to adjudicate the issues of substantially a new action.
The implication of the complaint is very strong, perhaps incontrovertible, that the action of the referee was upon the request of the parties. They voluntarily took the leases, knowing the contents. At least, his action was the equivalent of a partition of the undivided rights of the plaintiffs in the decree. Whatever they voluntarily and knowingly agreed to, must stand. If there were mistake, misrepresentation, surprise, or anything of that nature, which gives them a right to set aside and modify a voluntary arrangement, no adjudication stands in the way of the plaintiff’s obtaining his rights; but no such mistake is alleged in this complaint.
If the order made upon Mr. Bangs’ report, even with the reservation of the plaintiff’s right to bring an *186 action, injured them, their sole remedy, and a sufficient one, was to appeal. The order did not, however, reserve the right to bring an action in this particular form.
The only wrong that plaintiff complains of, is that the schedules, which were referred to in the description of the leases, are ambiguous on their face, or have been made so by the last order, or incorrectly describe, first or last, the rights intended to be conveyed by the leases. Otherwise, there is no doubt as to the extent of the land demised, as plaintiff claims. If that be so, the plaintiff must state the facts which constitute the wrong. In what state were the schedules when the leases were made ? Did they then conform to the intentions of the parties ? If they did, what facts are there which call for changing them against the intentions of the parties ? If they did not, how was it meant the diagram should be ? In such case, in what way and to what extent, is the defendant liable to an action ? I cannot find in the complaint enough to show what the plaintiff’s rights are, even if an action of the kind would lie, as to which there has been no argument.
I am of opinion that there should be judgment for defendant, on the demurrer, with costs.