EDMUND P. SMITH, Respondent, v. JAMES SMITH, Appellant.

An estoppel by judgment in a former action arises when the same matter was at issue therein, and was either litigated by the parties and determined, or it might have been litigated and a decision had upon it.

It is not necessary that it shall appear by the record of the prior suit that the particular controversy sought to be precluded was then necessarily tried and determined; it is sufficient if there might have been judgment in the first action for the same cause alleged in the second.

An estoppel by a former action, effectual as between the parties, arises also in favor of or against those in privity with them.

Whether the matter might have been tried in the former action must appear from the record; if it does so appear, oral testimony is competent in the second action to show that it was litigated, passed upon and determined.

(Argued December 3, 1879; decided January 13, 1880.)

THE complaint in this action alleged in substance that, in February, 1870, plaintiff executed to defendant his promissory note for $630.41; that in 1871 the parties had a final settlement, at which time defendant alleged that he still owned and held said note; that relying thereon, plaintiff allowed and paid said note. Whereas, in fact, defendant had previously for a valuable consideration sold and transferred the note to one William Smith, and plaintiff was

compelled to pay the amount thereof to the transferee, and this amount plaintiff sought to recover back. Defendant admitted the giving of the note to him and its transfer, alleged that he immediately gave plaintiff notice of the transfer, and denied the payment. He also set up as a bar that the transferee, William Smith, brought an action in the Supreme Court against the plaintiff upon said note; that plaintiff, in his answer, set up the settlement and payment of the note, and that he had no notice of the transfer at the time of the settlement. Which facts were duly submitted to the jury in that action, and passed upon by them, a verdict rendered, and judgment perfected in favor of said William Smith.

Upon the trial of this action plaintiff produced in evidence the judgment-roll in the action of William Smith against him. His answer in that case alleged that, at the time of the settlement and alleged payment of the note, it was still held and owned by defendant herein. Defendant offered to prove that after the service of the answer in that action William Smith, the plaintiff therein, notified him of this defense, and called upon him to assume the prosecution of that action which he did; that upon the trial the question whether the note was taken into consideration and paid on the settlement was contested, and, that the same was considered and passed upon by the jury, they finding against the plaintiff here. This offer was rejected. *Held*, error, the court stating the general rule as above, and citing the following authorities: *Stowell* v. *Chamberlain*, 60 N. Y., 272; *Miller* v. *Manice*, 6 Hill, 121; *Doty* v. *Brown*, 4 N. Y., 71; *Campbell* v. *Butts*, 3 id., 173; *Young* v. *Rummell*, 2 Hill, 478; *Brockway* v. *Kinney*, 2 J. R., 210.)

*A. A. White* for appellant.

*J. K. Smith* for respondent.

*Per Curiam* opinion for reversal, and new trial.
All concur.
Judgment reversed.