HENRY VOGE ET AL.

v.

CHARLES F. BREED ET AL.

1. ESTOPPEL BY JUDGMENT.—Where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated or determined. The former verdict is conclusive only as to facts directly and distinctly put in issue, and the finding of which are necessary to uphold the judgment; it is not conclusive as to facts which may be in controversy, but which rest in evidence and are purely collateral.

2. ASCERTAINING WHAT HAS BEEN DECIDED.—In ascertaining what has been decided, the actual judgment of the court must be consulted rather than the reasons urged in its support.

3. ESTOPPEL BY CONDUCT.—Where an act is done or a statement made by a party which can not be contradicted or contravened without fraud on his part and injury to others whose conduct has been influenced by the act or statement, the character of an estoppel will attach to what would otherwise be mere matter of evidence, and the party will be concluded from denying and disproving it.

4. JUDGMENT IN REPLEVIN—UPON WHAT POINTS CONCLUSIVE—ESTOPPEL.—Appellants agreed to take the wheat in appellees' elevator, the quantity of which was represented by appellees, both by letter and orally, to be two car loads, and $500 was advanced by appellants. That night the elevator burned down. The next day appellants demanded a return of their money or the wheat. Appellees were unable to pay, and pointing to a pile of wheat only partially burned, said. " Your money is in that pile of wheat there." Appellants brought an action of replevin and obtained a judgment establishing their right to the pile of wheat. Appellees now bring

this suit to recover the value of all the wheat in the elevator, alleging that there were four instead of two car loads; that in their business intercourse with appellants they were in the habit of overloading the cars, and when they represented the quantity to be two car loads they meant such loads as they had been sending appellants. *Held*, that the judgment in the replevin suit is binding and conclusive upon the parties as to the *ownership* of the wheat; but that the amount of the wheat in the elevator was not necessarily or directly in issue in such proceeding, and the judgment is not binding as to such question; that appellees are estopped by their conduct from setting up that there were four car loads.

ERROR to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 18, 1884.

Messrs. METCALF & BRADSHAW, for plaintiffs in error; as to *res adjudicata*, cited Bigelow on Estoppel, 27, 37.

As to estoppel: International Bank v. Bowen, 80 Ill. 541; Young v. Foute, 43 Ill. 33; Moser v. Kreigh, 49 Ill. 84; Kinnear v. Mackey, 85 Ill. 96; Ball v. Hooten, 85 Ill. 155.

Messrs. HAPPY & TRAVOUS, for defendants in error; that a judgment is conclusive upon every matter actually and necessarily decided in the former suit, cited Freeman on Judgments, §§ 253, 256, 257; Hanna v. Reed, 102 Ill. 597; 2 Smith's Leading Cas. 4th Am. ed. 572.

WALL, P. J. This suit was brought by the appellees against the appellants to recover the value of 2,202 bushels of wheat.

It appears from the evidence that appellees were operating a grain elevator at Worden, and that appellants were operating a flouring mill at Staunton. The two towns were on the same railroad and about six miles apart.

In October, 1882, the parties entered into an arrangement by which appellees were to buy wheat for appellants at a price four cents below the St. Louis market. By this arrangement the appellants were to advance money from time to time, the grade of wheat was to be equal to No. 2, St. Louis market, and to be subject to the inspection of appellants at Staunton. The grain was to be put upon the cars at Worden

at the expense of appellees, but did not become the property of appellants until inspected by them at Staunton. Appellees were to report whenever they had a car load on hand.

On the 13th of February, 1883, appellees wrote to appellants that they had two car loads on hand which they could take or not as they liked. Prior to this time appellants had become tired of the arrangement on account of the speculative condition of the market, and had indicated that they would pay only at the rate of six cents below the St. Louis market, and in this letter of the 13th of February appellees requested appellants to state the price they would pay if they would take the wheat, and added that they would not buy at six cents under St. Louis prices.

On this day Townsend, one of the appellants, went to Worden, and had an interview with Charles F. Breed, one of the appellees, and agreed to take the wheat then in the elevator which was stated by Breed to be two car loads in quantity, and advanced him $500 on account, there then being a small balance of about $37 due appellants on the former transactions.

It seems to have been clearly understood that there was to be no further buying under the old arrangement, but that t .e amount then on hand would be taken; and though it was represented both by the letter above referred to and by Breed at the time, that there were two car loads of it, nothing was said as to the exact price to be paid. That night the elevator burned down. The next day appellants called upon the appellees for a return of their money or the wheat. The appellees were unable to pay and declined to do anything, saying "your money is in that pile of wheat there," pointing to a quantity of wheat partially burned which had been saved from the fire. Thereupon the appellants brought an action of replevin for the pile of wheat, and upon a trial in the circuit court obtained a judgment establishing their right to it, sold it and gave appellees credit for the proceeds. Now the appellees bring this suit against the appellants to recover the value of all the wheat there was in the elevator which they have ascertained, as they allege, amounted to 2,202 bushels.

Voge et al. v. Breed et al.

The case was tried by the court without a jury by consent, resulting in a judgment in favor of plaintiffs for the amount claimed, less $537, due appellants for money advanced.

It is urged by the appellees that the judgment in the replevin case must effectually estop the appellants from denying that they bought all the wheat in the elevator, and that it was their property at the time of the fire. On the other hand, the appellants urge that the appellees are estopped by their letter of February 13th, and their statements made orally the same day, from claiming that there were more than two car loads of the wheat, and that whatever there was, it was not at the risk of the appellants when burned. It appears that a car load of wheat was ordinarily from 375 to 475 bushels, but that these parties had been overloading, without the knowledge of the railroad company, at the instance of appellants, and that one car had contained 745 bushels; and upon this point Charles F. Breed says that he put in all the cars would hold if they would bear it, and that when he wrote the appellants that there were about two car loads, he meant loads such as he had been sending them, up near the highest, from six to seven hundred bushels to the car. Townsend says that a car load is about twenty-eight or thirty thousand pounds, and that the average weight of loads shipped to them by appellants was about thirty thousand pounds—five hundred bushels.

The replevin case was no doubt determined in favor of the appellants upon the ground that they were the owners of the wheat replevied at the time of the fire, and this must have been predicated upon the theory that the transaction on the 13th of February was, in substance, a sale by appellees to appellants of all the wheat then in the elevator, and to this extent it is quite clear, we think, the adjudication in that case is binding and conclusive upon the parties in this case; but the question is, whether the amount of wheat in the elevator was conclusively determined in the former proceeding and whether the appellees are not estopped by their conduct from now claiming that there were more than two car loads. A judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties whenever the existence of that

Voge et al. v. Breed et al.

fact is again in issue, not only when the subject-matter is the same, but when the point comes incidentally in question in relation to a different matter in the same or any other court, except on appeal or writ of error or some other proceeding provided for its revision. When the former cause of action and the present are the same, the former judgment estops not only as to every ground which was actually presented as a basis of recovery or defense, but also as to every ground which might have been presented; but where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated or determined in the original action, not what might have been thus litigated or determined. The former verdict is conclusive only as to facts directly and distinctly put in issue, and the finding of which are necessary to uphold the judgment. The doctrine of estoppel is restricted to facts directly in issue, and does not extend to facts which may be in controversy, but which rest in evidence and are purely collateral. A fact or matter in issue is that upon which plaintiff proceeds by his action, and which the defendant controverts by his pleadings, while collateral facts are such as are offered in evidence to establish the matter or facts in issue. Freeman on Judgments, Ch. 12.

The case of Campbell v. Consalus, 25 N. Y. 613, well illustrates the proposition last above stated. In that case the proceeding was to foreclose a mortgage executed by the defendant to the assignor of the plaintiff, and the plaintiff insisted that the amount due upon the mortgage had been conclusively adjudged by the determination of certain previous actions which had been brought by the mortgagor against the mortgagee for the purpose of having the mortgage declared satisfied, on the ground that the debt had been paid. Those actions had been decided against the mortgagor upon the report of the referees, who found and so reported that there was still due and unpaid upon the mortgage the sum of $2,754.88.

The question then was whether the mortgagor was estopped by the proceedings and judgment in his prior actions, from

Voge et al. v. Breed et al.

contesting the amount found due in those actions, and it was decided that he was not so estopped, for the reason that while the amount due might have been and was the subject of contest in the former proceedings, it was so as a collateral and incidental matter merely, the substantial issue being whether there was anything due, not how much; the court saying in conclusion that it appears from the authorities cited that the principle of *res adjudicata* does not apply to matters arising incidentally or collaterally.

Applying this rule to the case at bar, we think it is a fair and legitimate conclusion that in the replevin suit the amount of wheat in the elevator was not necessarily or directly in issue; and while there was some evidence in regard to it, it was purely incidental and collateral to the main inquiry, the real issue in the case, which was as to the ownership of the wheat not consumed and which was lying in the pile after the fire.

There was no controversy as to the amount, for the "pile," whatever it contained, was by the pleadings the property of either the plaintiffs or defendants in that case. We look in vain for any allegation or issue necessarily involving the number of bushels in the elevator at the time of the fire. The affidavit as well as the declaration in replevin claimed under a videlicet "eleven hundred bushels of wheat recently damaged by fire, of the value of about five hundred dollars"; and it appeared that the wheat actually replevied amounted to 1,018 bushels—about two car loads; but we are unable to perceive in what way it could have been judicially determined that the plaintiffs in the suit had 2,202 bushels of wheat in the elevator at the time of the fire. It was not important to know how much there was, nor was it necessary to know how much either party should be permitted to allege was then in the elevator

It is urged by counsel, however, that this was determined because the court held certain propositions of law which are set out in the record, to the effect that unless the plaintiffs in that suit owned all the wheat in the elevator they could not recover. We see nothing in this to strengthen the position assumed. These propositions do not assume that there was

any certain definite quantity, only that there was more than eleven hundred bushels.

The case was tried by the court without a jury, and under our practice these propositions were presented for the purpose of enabling the parties to obtain a review of the judgment of the circuit court, upon its rulings as to the law of the case. We see nothing objectionable in the propositions, but we are not called upon to review them; and whether they are correct or not, applicable or not, their consideration can throw no light upon the question as to what was conclusively adjudicated in the case. In ascertaining what has been decided, the actual judgment of the court must be consulted rather than the reasons urged in its support. Freeman on Judgments, Sec. 258. In any aspect of the matter we think the estoppel of this judgment can go no further than to the point that the appellants bought all the wheat in the elevator, or all that the appellees should be permitted to urge was there on the 13th of February; and this brings us to consider whether the appellees are estopped by their conduct to say there was more than two car loads. The rule is familiar, that where an act is done or a statement made by a party which can not be contradicted or contravened without fraud on his part and injury to others whose conduct has been influenced by the act or statement, the character of an estoppel will attach to what would otherwise be mere matter of evidence, and the party will be concluded from denying or disproving it. International Bank of Chicago v. Bowen, 80 Ill. 541.

Aside from the peculiar features of the case which tend to raise some doubt as to the good faith of the claim that there was twice as much wheat in the elevator as was then represented, we think that it would work injustice to permit the appellees to set up their present claim.

It is fair to presume the appellants would never have placed themselves in their present attitude had they supposed there were four car loads instead of two in the elevator. Appellees, after learning that they would no longer pay the old rate of four cents below the St. Louis market, wrote them that they had two car loads which they could take or not, just as they pleased, and asked what price they would pay.

Voge et al. v. Breed et al.

When Townsend came there the same day, Breed repeated the same thing in substance—that there were about two car loads. After the fire, when these men met, the appellants wanting their money back or the wheat, there was no intimation that the appellants would expect them to pay for 2,202 bushels; indeed, they say now they did not know how much they had.

Having made a representation with regard to so important a matter, upon which the other party must be presumed to have acted, it is but reasonable and just that they should be held to the consequences.

Suppose the elevator had not burned, and the appellants had been notified that there were four car loads instead of two, as they supposed; would it be doubtful that they could have declined to pay for more than they had bought? And does it change the matter in principle or in substance that they asserted their claim to what was left, in ignorance of the fact as to what was the real quantity on hand when they purchased? Had they known that there had been a misrepresentation of the quantity, they would have been warranted in refusing to stand by the purchase, and might have required the return of the money advanced by them. Nor is it material to determine whether the misrepresentation was intentional or not, since the result would be the same, so far as the right of appellants to rely upon the statement is concerned.

As the judgment is for the full amount which appellees now insist was in the elevator, and which is about double the quantity represented by them, we are of the opinion it is erroneous.

It is therefore reversed and the cause remanded.

Reversed and remanded.