JOSEPH M. PRAY AND RICHARD INGRAHAM, AS EXECUTORS, ETC., OF JOHN DIKEMAN, DECEASED, APPELLANTS, *v.* JOSEPH HEGEMAN, AS EXECUTOR AND TRUSTEE, ETC., OF AUSTIN D. MOORE, DECEASED, AND OTHERS, RESPONDENTS.

*Estoppel — a judgment is a bar, not only as to matters considered and decided, but as to those which might have been litigated and determined.*

A testator gave to his son the income of one-third of his residuary estate during his life, and directed that so much of the income as was not needed for the support and education of the son, while a minor, should be added to the principal and that the interest of the whole sum should be paid to the son during life. The son, after coming of age, brought an action against the executors, alleging that the will was void, and seeking to have the entire fund and the accumulations thereof delivered over to him. The court decided that the trust created by the will was valid, and a judgment to that effect was entered. The question as to the validity of the direction for accumulating income was not specially raised in the action.

Thereafter this action was brought by the plaintiffs, judgment creditors of the son, to reach the income accumulated during his minority, upon the ground that the direction for its accumulation was void:

*Held*; that the plaintiffs were privies with the son, the plaintiff in the former action, and were estopped by the judgment therein from maintaining this action.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action by the court without a jury. The action was brought by a judgment creditor of one Austin D. Moore, Jr., against the executors of his father's will, to reach a fund in their

hands which was alleged to have accumulated under an illegal direction therefor, contained in the will of his said father. During the pendency of the action the plaintiff and Austin D. Moore, Jr., died, and their representatives were substituted in their place.

*Josiah T. Marean*, for the appellants.

*William C. De Witt*, for the respondents.

BARNARD, P. J. :

The rule is well settled that a judgment in a former action conclusively binds parties and persons, not only as to what was considered and decided, but also as to those matters which might have been litigated and determined therein. (*Smith* v. *Smith*, 79 N. Y., 634.) Under this rule the case seems to fall within the rule. Austin D. Moore left a last will, and by it his son Austin D. Moore was entitled to the income upon one-third of the residuary estate during life. By the will the income, before this son arrived at the age of twenty-one years, and not needed for the support and education of the son while a minor, was to be added to the principal, and the interest of the fund thus made up was to be paid to the son during life. After the estate had been divided and after the son arrived at age, he brought an action against the executors of his father's will. He avers that the defendant Hegeman, " as the surviving executor, held the said divided share and its accumulations." That the will was void as contrary to the laws of the State, and demanded judgment that the entire fund " and the accumulations thereof now in his hands," be delivered to him. Issue was taken and the case was tried and the court found that the trust created by the will, as to Austin Moore, Jr., was valid; that it was the executor's duty to hold it, and that the son was not lawfully entitled to the possession of it. The decree followed the findings. The judgment was affirmed in the Supreme Court and in the Court of Appeals. While there is a clause in the complaint which asserts the claim against the defendant Hegeman individually, the property is averred to be in his hands as executor. The fact is so found and the judgment is so made. It was in reality a claim against the estate based upon the assumption that the will was void. If it had been so decided, the judgment would have protected the executor as against

all parties interested in the estate. The plaintiffs are privies of the plaintiff in the former action. They claim through him as his creditors. The judgment is therefore an estoppel in respect to him. The point now presented was not considered in the former action. The claim made was for the whole share of Austin Moore, Jr., with its accumulations. There does not appear to have been any claim made as to that part of the fund made up of illegal accumulations of income. It might have been made. A judgment would have been proper, that while the trust was good as to the one-third of the residue of the estate, as it was at testator's death, still that the accumulations were illegal and the son was entitled to them. The case was presented to be decided upon the question as to the trust itself in its entirety and, under the rule, that carries with the decision the conclusive effect of the judgment as to all which was included in the fund at the date of the decision.

The judgment should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, with costs.