Hatch, J.
The plaintiff seeks in this action to charge the defendants with a personal liability for the deficiency due upon a certain mortgage executed by the defendants upon certain property situate in the City of Buffalo. A blanket mortgage was given by defendants as collateral security for advances of money, notes, drafts etc., which the plaintiff might hold of the defendants who were doing business under the firm name of Pooley, Rhinehardt & Company. Subsequent to the giving of the mortgage and after considerable deal between the plaintiff and defendants, the buildings covered by the mortgage were burned. At the time of the fire the firm held two policies of insurance in the Lycoming Insurance Company, a foreign corporation, payable to the plaintiff as his interest might appear. After the fire one of the policies was paid; the other being for the sum of $1,500 remained unpaid. An action was brought upon the last named policy in the supreme court. A defense was interposed by the company that the proofs of loss had not been made within the time required by the policy, winch relieved the comnany from liability. This action has never been tried.
There was upon the premises covered by the blanket mortgage a prior mortgage which was foreclosed. Upon sale a surplus was realized, which at time of surplus money proceedings amounted to the sum of $3,663.47, in the hands of the treasurer of Erie County; Subsequently proceedings were taken by the plaintiff to have said surplus applied upon his mortgage. There were Aarious other claimants and creditors of said firm for said surplus. Upon proper notice to parties interested, the court referred the matter to John C. Graves to ascertain and report the amount due plaintiff, .or to any other person which is a lien upon the surplus moneys in this action and as to the priorities of the several liens thereon. The parties who defend this action were parties to that proceeding appeared upon the order of reference, before the referee, and contested the amount due the plaintiff upon his mortgage. The only matter important in this action relates to the policy ox insurance remaining unpaid. Upon the hearing before the referee it was alleged, and much testimony was taken to show upon the one side that the plaintiff had lost the amount of said policy by reason of laches in filing proofs of loss, and that consequently he should be charged with the amount of the same. *832 Upon tbe other side, evidence was given tending to show that the failure to file proofs of loss was due to au arrangement with the general agent of the company, who proposed to adjust the loss without the necessity of proofs ; -that failing to reach an agreement the said action upon the policy was commenced, which was at the time of hearing then at issue untried. The proofshaving been given, the matter was submitted to the referee, who found that the mortgage was a subsisting lien to the extent of 16639.91, which included the amount unpaid upon the contested policy. Upon that subject the referee finds as follows “but is not bound to consider the other policy in suit until it is paid to him.” Upon the referee’s findings and report a motion was made to confirm the same which was granted by the court, and an order entered directing the payment of the-whole surplus to the plaintiff. No appeal was ever taken from such determination. After applying said surplus and other sums upon the mortgage there still remains due and unpaid thereon the sum of about $1,906.38, for which the plaintiff' brings this action. All defendants have made default excepting William Pooley and Mary A. Pooley.
The claims made here are substantially by the plaintiff, that the litigation before the referee in the surplus money proceedings, his report and its confirmation by the court is res adjudicata as to the amount unpaid upon the mortgage, unless the defendants are able to show payment since, or that a realization has been had of the amount due upon the said policy in suit.
By the defendants — that the hearing before the referee was simply to find out who was entitled to the surplus moneys, and that when the referee found that there was a sum due upon plaintiff’s mortgage sufficient to exhaust said surplus his duties ended. That there was such sum due without reference to whether he was charged with the amount of said policy; that, consequently the inquiry was collateral and not binding upon either party; and that they now have the right to litigate the question as to plaintiff’s laches in failing to collect said policy,, in this action.
Section 1633, Code of Procedure, requires that all surplus moneys arising upon a sale must be paid into court for the use of the persons entitled. The practice with respect to their subsequent disposition in the event there are claimants is regulated by Supreme Court Rules 61-64, which provide among other things that the claimants for the surplus must file with the clerk where the report of sale is filed, a notice stating that he is entitled to the same or a part thereof, etc., and he thereupon becomes entitled to an order of reference. All persons who appeared in the cause, and all persons appearing upon the official search to have an unsatisfied lien must under the direction of the court have notice of the proceeding. The referee in *833 such a case is “ to ascertain and report tbe amount due to him (claimant) or to any other person, which is a lien upon such surplus moneys, and. to ascertain the priorities of the several liens thereon.” In Halsted v. Halsted, 55 N. Y., 442-445, it was held that upon such a referance, the referee has the power to determine the validity and amount due upon any claimed lien.
In Tator v. Adams, 20 Hun, 131, the court says: “ Although there had previously been some doubt as to the power of referees in proceedings to distribute surplus moneys, the decision in Berger v. Snedker, 21 Alb. L. J., 54, has settled the matter. It is held, and wisely held in that case, that a question of fraud may be investigated before the referee, and it follows by analogy that every question may be examined tending to show the equities of the claimants. Rogers v. Ivers, 23 Hun, 424-426.
In Berger v. Carman, 79 N. Y., 146, the court say: “We think that the referee, by virtue of the order to ascertain and report the liens and their priorities in reference to the surplus moneys, had authority to inquire as to the validity of the conveyances. . . . The object of the reference was to ascertain to whom the surplus moneys belonged; and this opens a door to an inquiry as to the character of all liens which may be presented.” -It it thus seen that the power of the referee is ample to determine all the questions which were litigated in the proceedings before him. While there were no formal pleadings in the proceeding before the referee, yet, it logically follows that the issue between the parties is as broad as the proof given upon any matter which was competent or material for him to determine. With respect to the policy of insurance, the issue squarely tendered was that the plaintiff was equitably chargeable with its amount, and to that extent reduced the claim he was endeavoring to establish. This was as material a matter to be determined as that of any other claim set up against the plaintiff. To establish the amount due upon the mortgage it became necessary to determine it. Having the power and being compelled to act, upon the issue tendered by these defendants, can it be said that it amounted to nothing, was in no sense binding upon either party? True, the whole amount of the mortgage was more than enough to exhaust the whole surplus if it was determined that the amount it called for was still a lien. Upon that point there was a severe contest, not only as to the policy, but as to other matters. To the claim made that the referee had power only to determine the amount due upon the mortgage to the extent of the surplus, I cannot assent. Such limitation is not placed upon the referee, he is to report' the amount due which is a lien, not an amount due sufficient to exhaust the surplus; he was to adjust the equities between the parties; they were all before him; they litigated the question; *834 they compelled tbe referee to decide; he had the power and did determine. Under well settled authority a party cannot present an issue to a court for determination, and when the decision is adverse, refuse to recognize it; if aggrieved he has his remedy by appeal, but he cannot again litigate the same question in another action.
In Leavitt v. Wolcott, 95 N. Y., 212, the court say: “ It is well settled, that as to all matters either of fact or of law which legally might have been and actually were litigated in an action or special proceeding, between the same parties, in a court of competent jurisdiction the judgment rendered therein is binding and conclusive in all subsequent litigations between such parties or their privies.” Pray v. Hegeman, 98 N. Y., 351-358; Jordon v. Van Epps, 85 N. Y., 427; Blair v. Bartlett, 75 N. Y. 150.
The report of the referee was confirmed by the court. It then became a valid binding judgment, from which either party could have appealed to the court of appeals. It was acted upon and the money paid over in accordance with its terms. Such a judgment is a formal, solemn adjudication which concludes the parties.
The cases cited by defendants’ counsel are not in conflict with the views here expressed.
In Campbell v. Consalus, 25 N. Y., 613, the action which was first brought was to set aside a mortgage and judgments alleging' that they had been fully paid. The relief asked for was a judgment that the mortgage and judgment be cancelled. There was no offer in the complaint to pay or redeem should an amount be found due. The issue presented by the answer was the sole question of payment. No affirmative relief was asked (as might have been) that the court should determine the amount due upon the mortgage and judgments and adjudge them to be liens to the extent of the sum due ; consequently the only judgment which the court had the power to render was to declare the mortgage and judgments paid and direct their cancellation or dismiss the complaint. In determining the-question, the amount due was entirely immaterial, if (as was found) something was due the only judgment which the court had the power to render, and which it did render, was that the complaint be dismissed. True they took and stated an account, but that became necessary in order to determine whether anything was due upon the mortgage and judgments not the amount due.
Had the pleadings raised that issue and asked on the one hand that if any amount should be found due, the plaintiff would pay,' and on the other that the amount found due should be declared a subsisting lien upon the premises covered by the mortgage and judgments, then the judgment would have been con- *835 elusive and tbe court so say. Id. 616. That is not this case. Here the question was embraced within the proof which furnished the issue, declared, what it was. In various ways the whole amount due upon the mortgage was contested and the referee was bound to pass upon the issues thus raised.
Suppose all the questions had been decided adversely to the plaintiff here and the surplus awarded to other claimants. Is there any doubt but that such a finding and report of the referee, subsequently confirmed by the court, would present an effectual barrier to the plaintiff’s enforcing his mortgage against any individual a party to it ? If he would be bound (as it seems clear he would) what rule in law or equity can be invoked to say that his adversary shall not equally be bound ? If it is a judgment at all it must affect both, and being a judgment, is conclusive.
I have examined the other cases cited by defendant but they do not modify or change this rule.
It follows from the reasons above assigned that the defendants in this case cannot go behind the findings of the referee. They are at liberty to show any subsequent change that the amount due upon the mortgage has been paid, or that the defendant has by subsequent neglect precluded a recovery upon "the policy, or that he has been paid the same. But we must regard the position of the parties at the time when the referee rendered this report as finally settled and determined in accordance therewith, upon the confirmation of the same by the court.