MARK LYTHGOE, Appellant, *v.* MARTHA LYTHGOE and Others, Appellants, and MARIA CRAIG, alias MARIA LINDEN, Respondent.

*Res judicata — how shown — omission of the clerk to sign a judgment.*

Where a disputed question is litigated and directly passed upon by a court of competent jurisdiction, it cannot thereafter be brought in question in any subsequent action between the same parties or their privies.

When a question is alleged to be *res judicata*, it is necessary that it should affirmatively appear, either from the record itself or from such other evidence as may be necessary to show the grounds upon which the action proceeded to final judgment, that such question was not only in issue but was directly adjudicated upon.

The omission of the clerk to sign a judgment does not affect its validity.

APPEAL by the plaintiff, Mark Lythgoe, and the defendants, Charles Lythgoe and others, from that portion of a judgment of the Supreme Court in partition, entered in the office of the clerk of the city and county of New York on the 16th day of September, 1893, upon the report of a referee which awarded dower to the defendant Maria Craig, *alias* Maria Linden, with notice of an intention to bring up for review on such appeal that portion of the interlocutory judg-

ment entered in said clerk's office on the 18th day of April, 1893, which adjudged said defendant Maria Craig, *alias* Maria Linden, to be the lawful widow of James Linden, deceased, and also to review an order made at the New York Special Term, and entered in said clerk's office on or about the 7th day of August, 1893, awarding an extra allowance of $750 to the defendant Maria Craig.

*A. J. Skinner*, for the appellants.

*Edward S. Peck*, for the respondent.

PARKER, J.:

The judgment appealed from was rendered in a suit brought to partition certain real estate, and it adjudges that the defendant Maria Linden is the widow of the testator, who devised the property to certain of the other parties to the action and is entitled to dower therein.

The complaint alleges that she was married to the testator, James Linden, in the year 1842, but that the marriage was void for the reason that at the time of its solemnization she had a former husband living named John Craig, and that her marriage with Craig was in full force at the time of her marriage to Linden and still continues to be. Upon the trial, plaintiff, against the objection of defendant Linden, introduced evidence tending to show her marriage with one John Craig prior to 1842, and that Craig is still living.

Thereupon she put in evidence the judgment roll in an action in the Court of Common Pleas for the city and county of New York, between James Linden, plaintiff, and Maria Linden, defendant, which she contended adjudged and determined that she did not have a husband living at the time of her marriage with Linden, and that the latter marriage was valid and lawful.

Thereupon a motion was made by defendant Linden to strike out all of the testimony offered by plaintiff for the purpose of showing that her marriage with Linden was invalid. The motion was granted, and subsequently the referee made his report in which he found that she was the widow of Linden and entitled to dower in the premises.

From the judgment entered on this report, and in conformity therewith, this appeal comes.

The question presented is, whether the judgment roll is *res judicata* upon the question of the validity of the marriage with Linden, which it is conceded was solemnized in 1842.

It is well settled that where a disputed question is litigated, and then directly passed upon by a court of competent jurisdiction, it cannot thereafter be brought in question in any subsequent action between the same parties or their privies. (2 Black on Judgments, § 504; *Smith* v. *Smith*, 79 N. Y. 634; *Patrick* v. *Shaffer*, 94 id. 424; *Williamsburgh S. Bank* v. *Town of Solon*, 136 id. 465–475.)

It is necessary that it should affirmatively appear, either from the record itself, or from such other evidence as may be necessary to show the grounds upon which the action proceeded to final judgment, that the question alleged to be *res judicata* was not only in issue, but directly adjudicated upon.

It must be removed from the questionable domain of uncertainty and doubt, and become so positive that it must be known what was passed upon by the court. Now, the defendant presented no evidence, aside from that furnished by the judgment roll, tending to show what questions were passed upon, and we must, therefore, examine it to see whether it establishes as positively as the rule requires, that the question which plaintiff sought to establish in this action was passed upon in that.

Looking first at the minutes of the court, we find that a jury was impanelled; that three witnesses were sworn in behalf of the plaintiff, and four were called by the defendant, and that the jury returned a verdict in favor of the defendant.

Turning to the judgment, we read: " The issues in this action having been tried before a jury and a verdict having been rendered therein in favor of the defendant, it is ordered, adjudged and decreed that judgment herein be and the same is hereby given for the defendant, and that the marriage between the plaintiff and defendant in the pleadings mentioned is a valid and lawful marriage."

Thus it appears that the issues were tried, and what those issues were quite clearly appears from the provision in the decree adjudging the marriage between the parties to be valid and lawful.

The judgment roll furnishes other evidence touching the question tried and decided.

The judgment declares that the issues in the action were tried,

and the pleadings determine what the issues were. Turning to the complaint, we find that the plaintiff alleges his marriage with the defendant; that they subsequently lived together as man and wife; that the issue of the marriage was one child named Martha then living, and then plaintiff alleges the discovery by him that the "defendant has a husband living by the name of John Craig, and that said Craig was living at the time of said marriage between plaintiff and the said defendant. And the said plaintiff insists that the said marriage between plaintiff and defendant was and is unlawful for the reason aforesaid, and prays that said marriage ties existing between them in consequence of said marriage may be dissolved by a decree of judgment of this court."

The issue then, and the only one which the plaintiff tendered to the defendant, was that at the time of their marriage she had a former husband living. Defendant in her answer averred that John Craig absented himself for the space of five years and upwards, without being known to her to be living during that time.

And the answer avers that defendant "further denies, upon her belief, that she has a husband living by the name of John Craig, or that Craig was living at the time of said marriage between plaintiff and defendant, as untruly alleged in said complaint." And "insists that the marriage between the plaintiff and defendant is not unlawful and ought not to be dissolved by the judgment of this honorable court."

Defendant asked for no affirmative relief against the plaintiff, and necessarily the question in controversy, and the only one, was whether she had a former husband living. To the suggestion by the appellant that the case may not have been disposed of upon the merits — that perhaps the complaint was dismissed — the answer is that the minutes of the court assert that the jury rendered a verdict for defendant. This judgment roll, which was made up something over forty years ago, establishes that a valid and effectual judgment was rendered.

The Court of Common Pleas had jurisdiction of the subject-matter and of the parties. (Laws 1849, chap. 438, § 33, subds. 1, 2.)

The court had power to order all the issues to be tried by a jury. (Code Proc. § 254.) The Code did not require that such order be made a part of the judgment roll, and it must be presumed that the procedure in such respect was regular.

The judgment roll contains the summons, pleadings, the minutes of the court, the verdict and a copy of the judgment, and, therefore, complies with the statute then in force.    (Code Proc. § 281, subd. 2.)

And at the end of the copy of the judgment attached to the judgment roll were the following words : " A copy, Geo. W. Riblett, Clerk."    Through these words, by means of a pen and ink, a line has been drawn.    When and by whom does not appear.    It is certainly not conceivable that the respondent, or any one in her behalf, could have been led to attempt the mutilation of a judgment roll, the validity of which was so important to her.

But it was not necessary that the clerk should sign the copy of the judgment.

He did sign the minutes of the court, and on the rendering of the verdict it was the clerk's duty to enter judgment, which, after the expiration of four days, became final.    (Code Proc. § 265.)    And the omission to sign the judgment roll did not affect the validity of the judgment, as it involved a mere question of practice and of regularity.    ( *Van Alstyne* v. *Cook*, 25 N. Y. 489.)

And that which it was not necessary to do in order to give life to the judgment, the undoing of will not take away.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.