CLEMENT, State Excise Com'r, v. MOORE et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

1. JUDGMENT (§ 634*)—RES JUDICATA—IDENTITY OF ISSUES.

To operate as an estoppel·in a subsequent action, it is not necessary that there should be in the former and subsequent actions identity of causes of action, as well as identity of parties and subject-matter, if there be identity of issues involved.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 634.*]

2. JUDGMENT (§ 585*)—RES JUDICATA—IDENTITY OF ISSUES.

A judgment for defendant, in an action for revocation of his liquor license for a violation of law, is a bar to an action for a penalty based on the same violation; the issues being the same in both actions.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1084–1095; Dec. Dig. § 585.*]

Appeal from Special Term, Westchester County.

Action by Maynard N. Clement, State Commissioner of Excise, against James Moore and the American Surety Company of New York. From an interlocutory judgment sustaining a demurrer to a separate defense contained in the answer, defendant James Moore appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and MILLER, JJ.

Henry C. Griffin, for appellant.
Samuel H. Salisbury, for respondent.

.HIRSCHBERG, P. J.  For the purposes of this appeal the action may be deemed as brought by the plaintiff, as excise commissioner of the state of New York, to recover the penalty of a bond given by the defendant James Moore, with the defendant American Surety Company of New York as bondsman, on an application for a liquor tax certificate, for certain specific violations of law occurring on the 11th day of August, 1907.  Other violations are alleged in the complaint; but the present controversy relates only to the violations asserted as occurring on August 11th.  In the separate answer of the appellant, numbered 2, to which a demurrer is interposed, the appellant alleged that prior to the commencement of this action the plaintiff had instituted a legal proceeding against him to recover the penalty given by the statute for the same violation, and that after a trial a decision was rendered in the appellant's favor on the merits, and an order then entered dismissing the proceeding, which order is still in force and unreversed.  The interlocutory judgment appealed from holds that the prior determination is no bar to the maintenance of the present action with respect to the specific violations alleged to have occurred on August 11, 1907.

While it is true that under the law the action for a revocation of the license and one for the collection of penalties are separate and distinct, and the maintenance of the one is no bar to the maintenance of the other, the rule of adjudications remains in force, to the effect that a specific determination, judicially made and unreversed, operates as an estoppel from a second trial of the specific matter so determined; and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

to operate as such an estoppel it is not necessary, as claimed by the respondent, that there should be identity of cause of action, as well as identity of parties and subject-matter. The true rule is laid down in American and English Encyclopædia of Law (2d Ed.) vol. 24, p. 780, as follows:

"That it is not the identity of the thing sued for, or of the cause of action, which determines the conclusiveness of a former judgment upon a subsequent action, but merely the identity of the issue involved in the two suits. If an issue presented in a subsequent suit between the same parties or their privies is shown to have been determined in a former one, the question is res judicata, although the actions are based on different grounds, or tried on different theories, or are instituted for different purposes and seek different relief. The test of identity is found in the inquiry whether the same evidence will support both actions."

In Pray et al. v. Hegeman et al., 98 N. Y. 351, 358, the court said:

"The general rule is well settled that the estoppel of a former judgment extends to every material matter within the issue which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. Embury v. Conner, 3 N. Y. 522, 53 Am. Dec. 325; Dunham v. Bower, 77 N. Y. 76, 33 Am. Rep. 570. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is for the purpose of the estoppel deemed to have been actually decided. This is the principle upon which the malpractice cases, involving the right of a physician to recover for services, after a former judgment against him for negligence or want of skill in the employment for which compensation is claimed, and conversely the right of the patient, after judgment against him for services, to maintain a subsequent action for malpractice, were decided. Gates v. Preston, 41 N. Y. 113; Blair v. Bartlett, 75 N. Y. 150, 31 Am. Rep. 455; Bellinger v. Craigue, 31 Barb. 534. Conclusions of law or fact, which necessarily flow from a judgment, although not expressly found, are not incidental or collateral, so as to remove them from the scope of the estoppel, within the qualification of the general rule stated by the judges in their opinion in Duchess of Kingston's Case, 11 State Trials, 261. The cases where the qualification applies are well illustrated in Campbell v. Consalus, 25 N. Y. 613, and Woodgate v. Fleet, 44 N. Y. 1."

In Williams v. Barkley, 165 N. Y. 48, 54, 58 N. E. 765, 766, the court said:

"A former adjudication is binding upon parties and their privies, and prevents them from litigating over again such matters as were previously at issue between them and were finally decided by a competent court. If the record of the former proceeding, although made upon a motion, but after an investigation through witnesses examined and cross-examined, shows that the decision could not have been made without deciding the particular matter now in controversy, the latter must be regarded as settled by the previous action of the court, for to litigate the fact anew would impeach the first decision. Dwight v. St. John, 25 N. Y. 203; Demarest v. Darg, 32 N. Y. 281; Brown v. Mayor, etc., 66 N. Y. 385; Smith v. Zalinski, 94 N. Y. 519; Culross v. Gibbons, 130 N. Y. 447, 29 N. E. 839; Wells, Res Adjudicata, § 2; Freeman on Judgments, § 325."

See, also, Lythgoe v. Lythgoe, 75 Hun, 147, 26 N. Y. Supp. 1063; Blair v. Bartlett, 75 N. Y. 150, 152, 31 Am. Rep. 455; Stokes v. Foote, 172 N. Y. 327, 344, 65 N. E. 176; and Everett v. Everett, 180 N. Y. 452, 461, 73 N. E. 231.

It seems quite clear, from these decisions and the principle underlying them, that if the plaintiff had first brought an action against the appellant to recover a penalty for an alleged specific violation of the law, and had been defeated, he could not, while the decision against him was in force, maintain a second action against the appellant to revoke his license for that alleged violation; and the converse of the rule must be equally true, viz., that the plaintiff's defeat in an action first brought for a revocation of the license will prevent a subsequent suit for a penalty based upon the precise claim which was first unsuccessfully asserted.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs. All concur.