(69 Misc. Rep. 486.)

BELFER v. LUDLOW et al.

(Supreme Court, Special Term, Kings County. November, 1910.)

1. JUDGMENT (§ 876*)—PRESUMPTION OF PAYMENT — LIMITATIONS—COMMENCE-MENT OF PERIOD.
    The 20-year period after which a judgment is presumed to have been paid begins to run from the time when the judgment creditor was first entitled to a mandate to enforce it.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1648–1652; Dec. Dig. § 876.*]

2. MECHANICS' LIENS (§ 292*)—NATURE AND FORM—ENFORCEMENT.
    A judgment for $809.08 in a suit to foreclose a mechanic's lien was none the less a final money judgment enforceable by execution immediately on the docket thereof because it contained a provision directing a sale of certain property and the application of the proceeds to the extent of $314.20 and costs to the payment of the judgment.
    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 612–617; Dec. Dig. § 292.*]

3. MANDAMUS (§ 51*)—DOCKETING JUDGMENT—ENFORCEMENT.
    The docketing of a judgment is a ministerial act to be performed by the clerk, which may be enforced by mandamus if refused.
    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 98–100; Dec. Dig. § 51.*]

4. EXECUTION (§ 9*)—RIGHT TO ISSUE—REQUISITES—DOCKET OF JUDGMENT.
    Code Civ. Proc. § 1365, providing that an execution against property can be issued only to a county in the clerk's office of which the judgment is docketed, an execution cannot be issued on a money judgment prior to the docketing thereof.
    [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 21–24; Dec. Dig. § 9.*]

5. EXECUTION (§ 1*)—"MANDATE"—RIGHTS OF JUDGMENT CREDITOR.
    An execution on a judgment is a "mandate," as provided by Code Civ. Proc. § 3343, and the only mandate by which a judgment creditor is entitled to enforce it.
    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 1.*
    For other definitions, see Words and Phrases, vol. 5, p. 4331; vol. 8, p. 7715.]

Action by Lazarus Belfer against William W. Ludlow and others. On motion for leave to issue execution. Granted.

Francis A. McCloskey, for the motion.
Frank L. Hoyt, opposed.

BLACKMAR, J. On June 3, 1890, plaintiff recovered judgment against the defendant Morgiana Ludlow and others, and the judgment

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

roll was filed on that day in the office of the clerk. The action was brought to foreclose a mechanic's lien, and the judgment was not in the form in which judgments in foreclosure are usually issued, but adjudged that the plaintiff recover of the defendant Morgiana Ludlow the sum of $721.61, with interest thereon from May 15, 1888, amounting in all to the sum of $809.08, and that plaintiff have execution therefor. The judgment also contained a provision directing the sale of certain property and the application of the proceeds to the extent of $314.20 and costs to the payment of the plaintiff's claim. This judgment was not docketed until December 28, 1893, although, as stated, the judgment roll was filed June 3, 1890. No execution has ever been issued thereon. The present motion is for leave to issue execution on said judgment. The judgment debtor opposes the motion, claiming that the judgment is conclusively presumed to be satisfied and discharged according to the provisions of section 376 of the Code of Civil Procedure.

This section provides that a final judgment for a sum of money is presumed to be paid and satisfied after the expiration of 20 years from the time when the party recovering it was first entitled to a mandate to enforce it. The judgment debtor claims that the judgment was a complete and final money judgment at the time when the judgment roll was filed on June 3, 1890, and that, therefore, it is presumed to be paid and discharged, and no execution should be permitted thereon. The judgment creditor claims that the judgment was not final and enforceable until it was docketed on December 28, 1893, and that, as 20 years have not elapsed since that time, it is not presumed to be paid. The moving affidavits allege that the judgment is wholly unpaid except as to the sum of $100, and, as the authority of the court in permitting an execution to be issued after five years has elapsed can only be exercised if the court is satisfied that the judgment is unpaid, the decision upon this motion depends upon the question whether the presumption of payment attaches from lapse of time. The 20-year period began to run from the time when the party recovering the judgment was first entitled to a mandate to enforce it. The controlling question, it seems to me, is whether the judgment creditor could have issued an execution upon the judgment on the 3d day of June, 1890, or whether such execution could not have been legally issued until December 28, 1893.

The judgment is not the ordinary one of foreclosure and sale where the amount of the indebtedness is uncertain until the coming in of the referee's report of sale. If it were, it would be controlled by the case of French v. French, 107 App. Div. 107, 94 N. Y. Supp. 1026. The judgment was in form a final money judgment against the defendant, and if it had been docketed when rendered, as it might have been, the plaintiff could have issued execution on it immediately. Its nature is not changed by the provision for the sale of the land in satisfaction of part of the claim. But the clerk failed in performing his duty in docketing the judgment. The question therefore, it seems to me, comes down to the proposition whether an execution can be issued upon a judgment before it is docketed. Docketing is a ministerial act, to be performed by the clerk, and could be enforced by a writ of

mandamus if the clerk should refuse to perform his duty in this respect, and the clerk is also liable to a penalty for such failure. Code, §§ 1246–1248. Section 1365, however, provides as follows:

"An execution against property can be issued only to a county, in the clerk's office of which the judgment is docketed."

As said by the Court of Appeals in the case of Dunham v. Reilly, 110 N. Y. 371, 18 N. E. 91:

"The language seems to involve both an authority and a prohibition, an authority where the judgment is docketed in any county to issue the execution to that county, and a prohibition, couched in the word 'only,' against any such issue to a county in whose clerk's office there is no such docket."

This matter seems also to have been passed upon directly in the case of Kupfer v. Frank, 30 Hun, 74, in which it is held that an execution cannot be issued upon a judgment until the judgment has been docketed. See, also, Harris v. Elliott, 163 N. Y. 269, 57 N. E. 406. Therefore it seems to be established by the weight of authority that a valid execution cannot be issued upon a judgment until it is docketed in the county. No execution, therefore, could have been issued upon the judgment in question until December 28, 1893.

The presumption of payment attaches 20 years after the party recovering the judgment was first entitled to a mandate to enforce it. An execution is a mandate (Code, § 3343), and it is the only mandate which the judgment creditor can issue. The conclusion seems to be that the 20 years did not begin to run until December 28, 1893. There is therefore no legal presumption of payment and nothing to contradict the affidavit of the plaintiff that no part of the said judgment, except the sum of $100, has been paid.

I have not considered the question of partial payment, for I do not think the evidence is sufficiently definite to enable me to pass upon it. The affidavit simply alleges the payment of $100 on account. The opposing affidavit denies that the defendant paid or authorized any payment or that it was paid in his behalf. Although I have no evidence of it, it is probable that the $100 was collected by the sale of the property. If so, certain interesting questions might arise under the provisions of section 377 of the Code.

Motion granted, with $10 costs. Settle order on notice.