552

In the Matter of Supplementary Proceedings: HYMAN EDELSTEIN and Others, Copartners, Doing Business as H. EDELSTEIN & Co., Judgment Creditors, *v.* FANNIE OXMAN, Judgment Debtor.

In the Matter of Supplementary Proceedings: NATHAN RUBIN, Judgment Creditor, *v.* FANNIE OXMAN, Judgment Debtor.

City Court of New York, Special Term, New York County, April 27, 1939.

*Irving Finkelstein,* for the judgment creditor, H. Edelstein & Co.

*Caroselli & Bartfield [Ernest Caroselli* of counsel], for the judgment creditor, Nathan Rubin.

*Louis W. Leicht,* third party, in person.

*Fannie Oxman,* judgment debtor, in person.

WENDEL, Ch. J.   Motions No. 31 and No. 32 of April 18, 1939, are consolidated.

It seems that the confession of judgment in favor of Nathan Rubin ·was filed with the clerk of the Bronx Municipal Court, Second District, on March 15, 1939, but it was not entered by the clerk on that date due to some inadvertence.   A judgment should be considered entered as of the date all papers in proper form were submitted to the clerk, and the proper fee paid.   Therefore,

it is proper to consider the Rubin judgment entered as of March 15, 1939, and an order has, in fact, been made by a justice of the Municipal Court directing its entry *nunc pro tunc* as of March 15, 1939. I have come to the conclusion, therefore, that the Rubin judgment takes precedence. The Rubin supplementary proceeding was the first to be instituted and the third party is, therefore, directed to pay to the said judgment creditor Rubin the sum of $282.17. It must be considered that the fund in the possession of the third party is held by him for the debtor. (*Miller* v. *Clayton Coffee Pot, Inc.*, 238 App. Div. 121.) As payment to the creditor Rubin exhausts the fund the application of the creditors Edelstein and others is denied.

Settle order on notice to all respondents.

On reargument, May 26, 1939.

Motion for reargument is granted. Upon reargument the original determination is adhered to.

The court is not troubled by the failure of the clerk to sign the judgment. That is merely " a clerical misprision " (Freeman on Judgments, *infra*) which did not affect the judgment creditor's rights or remedies. The justice of the Municipal Court properly allowed the judgment to be signed by the clerk *nunc pro tunc* and in that connection full effect should be given to the order of that justice. (See *Van Alstyne* v. *Cook*, 25 N. Y. 489; *Lythgoe* v. *Lythgoe*, 75 Hun, 147, 151; affd., 145 N. Y. 641; 1 Freeman on Judgments [5th ed.], § 148, and cases cited in footnotes.)

The failure of the clerk to *index* the judgment presents a more disturbing question. The opposing affidavit on the application for reargument indicates that the filing of the confession of judgment was noted in the docket book kept by the clerk of the Municipal Court on March 15, 1939, which was the date of filing, and the exhibits on this motion show that the form of judgment, although not signed by the clerk, was attached to the confession, and that the requisite fee for the entry of judgment was paid to the clerk on March 15, 1939. However, it is clear that the clerk failed to *index* the judgment in the book kept as an index of judgment or " judgment-book " (Cf. Rules Civ. Prac. rule 201) until after the institution of supplementary proceedings by the judgment creditors Edelstein and others.

The question therefore is whether the judgment creditor Rubin could properly institute supplementary proceedings upon a judgment which was not indexed. Attention has been called by the attorney for the judgment creditors Edelstein and others to *Belfer* v. *Ludlow* (69 Misc. 486) and to *Himmel* v. *Mutual Life Ins. Co.* (93 id. 191.) The latter case, in the Appellate Term, First Depart-

ment, holds that before a judgment can be deemed complete for the purpose of starting the running of the time to appeal therefrom, it must be indexed. Consideration of the case makes it clear that if the Appellate Term had not so held the time of the judgment debtor to appeal from the judgment against him would have expired before he had received any knowledge of the rendition of the judgment. The *per curiam* opinion indicates that the ruling of the court was confined to the facts and circumstances of that case. It was said (at p. 194): " For the purpose of an appeal we hold that under the peculiar circumstances of this case the judgment was not properly entered until it was indexed and that the appeal in this case was therefore brought in time and should not be dismissed." *Belfer* v. *Ludlow* (*supra*) involved not only a failure to index the judgment but also a failure to docket it and the effect of that decision was to lengthen the time during which the judgment was enforceable, the court holding that the twenty-year period for its enforcement began to run only from the time of the docketing of the judgment. It was pointed out by the court that under the applicable statutes docketing was a necessary condition precedent to the issuance of execution.

In the present case the filing of the confession of judgment was duly recorded. Except for the fact that the judgment was not signed by the clerk — an irregularity which may be overlooked — the only important omission was the failure of the clerk to index the judgment. The court has reached the conclusion that the judgment creditor Rubin was authorized to institute supplementary proceedings, notwithstanding the fact that the judgment had not been indexed. The opinion of ALLEN, J., in *Whitney* v. *Townsend* (67 N. Y. 40) suggests that a judgment, not docketed, or not docketed in the proper book, is a perfect judgment, although it does not create a lien upon lands. The court said (at p. 43): " There was at least an attempted, if not an actual, compliance with the statute requiring an entry of the judgment in a ' judgment book.' The law recognizes no distinction between legal and equitable relief, nor requires different judgment books for different classes of actions. If there was technically an irregularity or a departure from the usual practice of the office in entering the judgment in one rather than another book, it was the province of the court below to disregard it or correct the error, or make such order as might be proper, but the action of that court was final."

Attention is called to section 773 of the Civil Practice Act, which provides that supplementary proceedings may be maintained upon a judgment " rendered in any sum by any court of this State, whether or not of record." Indeed supplementary proceedings may be maintained upon an "order awarding the payment of

money." That section does not, by its terms, require that a judgment be indexed before supplementary proceedings may be brought and there seems to be no reason for reading that requirement into the statute.

Accordingly, the court adheres to its original determination that the judgment creditor Rubin was authorized to institute supplementary proceedings upon the judgment although the same was neither signed by the clerk nor indexed, that the irregularities in procedure were duly corrected, *nunc pro tunc*, by the order made in the Municipal Court and that the judgment creditor Rubin is entitled to priority in the fund over the creditors Edelstein and others whose supplementary proceedings were instituted at a later date.

In view of the fact that the question here decided has not been squarely passed upon by any appellate court, the fund should not be paid over before the judgment creditors Edelstein and others have had an opportunity to submit the matter to the Appellate Term. Therefore, an order will be made directing the payment of the fund to the judgment creditor Rubin, but the enforcement of that order will, by the terms thereof, be stayed until a determination is had in the Appellate Term, provided that the judgment creditors Edelstein and others serve and file their notice of appeal in due time and bring the appeal on for hearing not later than the October, 1939, term of the Appellate Term.

Submit order on notice.