## HADCOCK v. O'ROWKE.

(*Superior Court of Buffalo, Trial Term.* July, 1888.)

JUDGMENT—EFFECT—RES ADJUDICATA.

A mortgagor of chattels, alleging payment in full, sued for an accounting, offered to pay any sum that he might be found to owe, and prayed judgment for whatever should be found due him. The mortgagee denied full payment, and prayed judgment for whatever might be found still due. The court found that a certain sum was still due on the mortgage, and dismissed the action. The mortgagee, alleging default in payment of the mortgage, replevied all the mortgaged goods, except certain mules and harnesses, of which he took possession without process. The court found the same amount due on the mortgage as had been found in the former action, and that the mortgagee was liable to the mortgagor for the value of the mules and harnesses, fixing the amount, and struck a balance between the two sums, which

was fixed as the net amount due the mortgagor, but did not render judgment for it. *Held*, in an action for the value of the mules, that their value and ownership, and the amount unpaid on the mortgage, were adjudicated in the former actions.

In the year 1873, defendant, William O'Rowke, sold to the plaintiff, John J. Hadcock, the canal-boat Jay Pettibone, together with four mules and their harnesses, for $6,000, upon a credit; executing twelve notes, of $500 each, for the purchase money. He also executed a chattel mortgage on it and another boat, the Kittinger, to secure the payment of the notes. In 1876, plaintiff, alleging that he had fully paid the notes, began an action for an accounting. He prayed that the mortgage and notes be canceled, that plaintiff execute to him a bill of sale for the Pettibone, and for judgment for any sum that might be found due him on an accounting, and offered to pay any sum that he might be found to owe defendant; and further prayed for general relief. Defendant made defense by answer, and prayed that plaintiff take nothing by his action, and that judgment might be rendered for defendant for whatever might be found due him. 'The referee found that plaintiff owed defendant $126.38, and judgment was rendered approving that finding, and dismissing the complaint. Thereupon O'Rowke, defendant here, brought replevin for the two boats; alleging default in payment of the mortgage, and praying judgment for the recovery of the property. Hadcock filed an answer, alleging, among other things, that the former action was a bar to that, and praying judgment for the return of the property replevied. Although only the boats were replevied, the mules and harnesses were seized by the officer, and taken possession of by O'Rowke. The referee found that there was due on the notes, $126.38, and that the mules and harnesses were worth $770. Judgment was rendered finding that the plaintiff in that action (defendant now) owed defendant Hadcock $643.28, that being the difference between the two sums named, and awarded a return of the canal-boats or their value, and damages for their detention, but awarded nothing on account of the mules and harness. This judgment was affirmed on appeal to the general term. The present action is by Hadcock against O'Rowke for the value of the mules and harnesses.

*E. C. Robbins,* for plaintiff.    *James M. Humphrey,* for defendant.

HATCH, J. The claim of the plaintiff is that the rights of the parties with respect to the subject-matter of this action were determined by the adjudications had in the two previous actions. He contents himself, therefore, by proving the reports of the referee and judgment rolls in the actions, and claims to recover, on account thereof, the value of the mules and harnesses, as found by the referee, after deducting the sum found due defendant in the accounting action, with which sum he was credited in the replevin action. An examination of the record discloses the fact that all of the matters in dispute were litigated in the two actions noted, and from the issues framed therein it appears that the referee was called upon to pass on all the questions to which his report refers, and which embrace the subject-matter in controversy here. In the first action he took and stated the accounts between the parties, and reached a fixed, determinate result. In the second action he was required to determine the amount due from O'Rowke to Hadcock by virtue of the property seized, in order to fix the amount Hadcock should pay, or that O'Rowke should be charged with. This necessitated an inquiry into the value of the property taken. In so doing, the mules and harnesses were considered, their value fixed, the $126.38 deducted. Then, and not until then, was the referee able to determine in whom the title to the canal-boats rested, and otherwise make up his judgment. The subject-matter of this action was therefore involved and passed upon in the replevin action. The referee could not render judgment for the return of the mules or their value, for the reason that they were not embraced within the property replevied, but were seized without process, and could only be considered in determining the rights of the par-

ties with respect to the property replevied. The rule with regard to the estoppel of a former adjudication is well settled. As stated by Judge ANDREWS, it "extends to every material matter within the issue which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered." *Pray* v. *Hegeman,* 98 N. Y. 351; *Griffin* v. *Railroad Co.,* 102 N. Y. 449, 452, 7 N. E. Rep. 735; *Van Gelder* v. *Hallenbeck,* 12 N. Y. St. Rep. 185.

This rule is conceded by defendant, but his contention is that the subject-matter of this action was not embraced within the issues raised by the former actions; that the only effect of the adjudication in the first action was to determine whether anything was due from the plaintiff to the defendant, and that, there having been found a sum due defendant, the purpose of the action was accomplished, and the only judgment which could be rendered was to dismiss the complaint, and that such is the only object of the judgment rendered therein; that, as to the replevin action, the mules were not embraced in the property replevied, and consequently the referee could determine no question involving other property. The discussion already had disposes of the latter proposition adversely to defendant. As to the other, defendant relies upon *Campbell* v. *Consalus,* 25 N. Y. 613. An examination of that case shows a radical distinction between it and the one at bar. That was an action to foreclose a mortgage. Prior to such action being brought, the defendant therein had brought an action against the assignor of the mortgage, alleging in his complaint that the mortgage had been fully paid, that a request to satisfy the mortgage had been refused, and for relief asked that the mortgage be canceled and satisfied of record. No accounting was asked for, nor was there any offer to pay any sum which might be found due thereon. The issue raised by the answer was whether the mortgage had been paid. There was no demand for affirmative relief. A trial was had, and a sum found due upon the mortgage. Judgment was thereupon entered dismissing the complaint. In disposing of the question, the court held that, under the issue framed, the only question was whether there was anything due upon the mortgage, and, when that was determined in favor of the defendant, the object of the action was accomplished; that while an accounting might have been had, and was probably necessary, as determining the issue, yet the sum due was simply incidental and collateral, and as to those matters could not work an estoppel. It is perfectly clear, however, that if the parties had demanded affirmative relief by an offer to pay the sum found due, or a demand for judgment, establishing the amount due, the rule would have been different. In the case under consideration the plaintiff in terms offered to pay any amount found due and owing by him to defendant. The defendant asked affirmative relief; that if an accounting was ordered, (which was done,) then that he should have judgment for the amount, with interest. The decision in the *Campbell Case* was the result of a lack of issue. The decision here must be the reverse, by the presence of it. No case has been called to the court's attention which enlarges the doctrine contained in *Campbell* v. *Consalus.* If we assume that the judgment entered in the accounting action is simply a judgment of dismissal, I do not think that defendant is aided. The issue raised by the pleadings, and the report of the referee, clearly authorized the entry of a judgment in favor of defendant for the amount found due. The parties have had a trial (so far as the record shows) fair in every respect, in which all the matters here have been litigated and determined. It is for the benefit of parties that litigation should sometimes find an end. With two adjudications upon the same question, between these parties before me, I find that a due consideration for common justice requires a holding that the findings heretofore had are *res adjudicata,* both as to the title of the property involved and its value.