SOPHIA SHAW, Respondent, v. MILES BROADBENT, Appellant.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

1. *Former adjudication. Bar.*—A judgment is not *res adjudicata* as to the fact of an agreement, when it was not in issue in such action.
2. *Same.*—A party is not concluded by an adverse finding in a former action, where he cannot procure it to be reviewed on appeal, for the reason that the judgment was in his favor.
3. *Same.*—A judgment is a bar in a subsequent action between the same parties, where the same issues and relief under the pleadings are presented.
4. *Same.*—It is no answer to the bar, that a counterclaim, litigated therein without objection, was not properly interposed.

Appeal from a judgment entered on the findings and decision of the court at special term.

*J. D. Decker*, for appellant.

*D. C. Barnum*, for respondent.

DWIGHT, J.—this action, commenced in 1887, was for the specific performance of an alleged oral agreement, made in 1880, to convey a house and lot in the village of Holley. Two questions of estoppel by judgment arise in the case— one claimed by the plaintiff, the other by the defendant.

In July, 1883, the plaintiff brought an action against the defendant on account for board, services, money lent and other

charges, extending over a series of years and amounting to more than $5,000. She gave credit to the defendant for money paid, from time to time, to the amount of nearly $3,000. She made no mention of any agreement concerning the house and lot in question and gave no credit for the purchase price or value of that property. The action was commenced by attachment, which was levied upon certain personal property of the defendant and upon the house and lot in question. The defendant moved, successfully, to vacate the attachment, and, in September, 1883, brought an action against the plaintiff, Mrs. Shaw, and her surety in the undertaking given on procuring the attachment, for the indemnity secured thereby alleging damages sustained by him by reason of the cloud on the title of the real estate attached, and a consequent loss of sale and depreciation in the value of the property. The answer of the defendant, Mrs. Shaw, averred that the real estate mentioned in the complaint was purchased for her by the plaintiff, Broadbent (defendant in this action), under an agreement with her, set out in her answer, which was the same agreement as that alleged in her complaint in this action, viz. : an agreement by which title to the house and lot in question was to be assured to the plaintiff herein and credit for the price and value thereof was to be given to the defendant herein on the account she had against him ; and in her answer in that action the defendant (plaintiff here), by way of counterclaim, demanded judgment for the same specific performance of such agreement which she demands by her complaint in this action.

Issue was joined on the counterclaim by a reply and that issue, with the others in the action, was tried in February, 1884, by the court, a jury being waived. On the trial evidence was offered by the defendant, Shaw, in support of her counterclaim, but it was excluded by the court on the ground specifically stated and entered on the record, viz.: That by bringing her action on account against Broadbent and giving him no credit for the price or value of the house and lot, but

13

alleging and verifying that the whole of such account was due to her after crediting only the payments of cash allowed in her complaint, she had waived performance of the alleged agreement of Broadbent and elected to sue him for the whole sum of money due to her, which included what, according to the averments of her answer, was the consideration for such agreement. The court thereupon found that none of the averments of the answer were sustained, and directed judgment for the plaintiff for an amount of damages assessed. Judgment was entered, accordingly, in February, 1884, from which no appeal was ever taken, and stands, at present, as the judgment of this court. That judgment was pleaded by the defendant herein as a bar to this action, but the plea was overruled by the court at special term.

The second judgment, upon which a question of estoppel arises in this action, was that which was finally entered in the action on account. After the entry of the judgment in the action in the undertaking Mrs. Shaw, as plaintiff in the action on account, applied to the court for leave to amend her complaint in that action so far as to give credit to the defendant for the price and value of the house and lot; although she had in the meantime given testimony on the trial of that action before the referee, on both direct and cross-examination, in support of her account as presented by her complaint, without mention of the credit which was now proposed to be given. The application was opposed by the defendant, but it was granted with the proviso that such amendment should not in any way impair the effect upon the rights of the parties of the decision and adjudication made in the action on the undertaking. Thereupon an amended complaint was served which set up the alleged agreement for the transfer of the house and lot, and gave the defendant credit for the additional sum of $1,200, as the price and value of that property. The trial proceeded before the referee and the plaintiff was per-

mitted, under the objection of the defendant, to give evidence tending to establish the alleged agreement.

The report of the referee contained a finding to the effect that the alleged agreement was made substantially as set out in the amended complaint, and that a credit was due to the defendant accordingly; other findings reduced the amount of the plaintiff's charges to a sum less than the total of the credits allowed by the complaint, and judgment was directed in favor of the defendant, dismissing the complaint with costs. The defendant entered judgment accordingly.

The court, at special term, in this action, held, in effect, that the existence of the agreement in question was *res adjudicata* by the judgment last described, and that the defendant was estopped, thereby, from denying it; and without other evidences of the facts, found the agreement established, and that the plaintiff had performed on her part, and gave judgment to the plaintiff for the relief demanded in her complaint.

We think the court below erred in respect to the effect to be given to both of the judgments in evidence in this action.

1. The judgment last described did not conclude the defendant as to the fact of the agreement in question, for several reasons: *First*, because that fact was not in issue in that action. The action was on an account. The complaint set out many items of alleged indebtedness, and admitted certain items of credit. The defendant was not called upon to admit or deny any of those credits; they were established by the admission of the complaint, and the source from which they sprung, or the facts upon which they were based, or the reasons for which they were admitted, were immaterial and not issuable facts in the action. For that reason, the general denial of the answer (except as thereinafter admitted) did not raise an issue upon any allegations of the character referred to. All the evidence offered by the plaintiff to substantiate those allegations of her amended complaint was objected to by the defendant as

immaterial, and it is not apparent why the ruling by which it was at first excluded was not adhered to. It was clearly immaterial, as not relating to any issue in the action. The statement, by counsel for the plaintiff, as to the object of the evidence, which seems to have induced the change in the ruling of the referee, is unintelligible as it is given in the record; but no statement of counsel could have changed the nature of the issues in the action, or made evidence admissible which related only to a non-issuable allegation of the complaint.

*Second.* The finding in the former action did not conclude the defendant in this action because though the finding was adverse to him he could not procure it to be reviewed on appeal because the judgment was in his favor, and there was nothing from which he could appeal. Cauhape *v.* Parke, Davis & Co., 46 Hun, 306. N. Y. State Rep. 300.

2. On the other hand, we are unable to see why the judgment in the action on the attachment undertaking was not a prior adjudication of the issues in this action, and why the defendant's plea in bar ought not to have been sustained. The answer in that action contained substantially the same averments in respect to the agreement in question and its part performance as the complaint in this action; and the affirmative relief asked for in that answer is the same as in this complaint, viz., judgment for the specific performance of such agreement by the execution and delivery of a proper conveyance of the premises in question. Issue was joined upon this counterclaim by a reply, and the issue was tried, so far as that evidence was offered in support of the allegations of the answer in that regard, and was excluded by a ruling which involved the merits of the defendant's cause of action and counterclaim. It is no answer to the plea in bar to say that the counterclaim was one which could not properly have been pleaded in the action on the undertaking. It was well pleaded unless it was objected to; the facts alleged as constituting the counterclaim did make out a cause

of action which it was competent for the parties to try in that action if all consented to do so ; and there is nothing in the record to show that any objection was made. There was no demurrer to the answer, and the evidence offered in support of it was not objected to on the ground that the defense or counterclaim was not properly interposed in that action, but on the ground that the record evidence in the case showed that it had been previously waived and relinquished by the defendant. In point of fact the defendant's counterclaim was tried in that action without objection, and it was held that she could not recover thereupon because she had elected another remedy in a previous action which, as the court held, involved the waiver and abandonment of her right to enforce the agreement upon which that cause of action was based.

We see no respect in which this falls short of being a prior adjudication of the same issues as those presented by the plaintiff here. It was between the same parties, and must be a bar to the present action.

Upon both or either of the grounds considered we think this judgment must be reversed and a new trial granted.

Judgment reversed and new trial granted, with costs to appellant to abide the final award of costs.

BARKER, P. J., and CHILDS, J., concur.

---

NOTE ON "EXTENT OF FORMER ADJUDICATION."

As to how far a former judgment is conclusive, see Campbell P. P. & M. Co. *v.* Walker, 114 N. Y. 7.

A decree, not final, is conclusive upon a party only so far as it goes. Sheldon *v.* Sheldon, 58 Hun, 601.

A former action is only conclusive as to matters which were or might have been litigated between the parties. Henderson *v.* Kohn, 57 Hun, 590.

A judgment is not a bar to a subsequent action on a claim not litigated in the former action. Levy *v.* Backer, 39 N. Y. St. Rep. 55.

A judgment is *res-adjudicata* as to matters only which were, or might

---

---

have legitimately been litigated in the action. Hymes *v.* Esty, 116 N. Y. 501 ; rev'g 46 Hun, 678.

A judgment is not *res adjudicata* as to facts not in issue in the action. Shaw *v.* Broadbent, 54 Hun, 635.

An adverse finding in the former action does not conclude a party, who could not have it reviewed on an appeal. Id.

A former judgment, involving the same issues and pending between the same parties, is a bar. Id.

That a counterclaim was not properly interposed, is no answer, if litigated without any objection. Id.

A former judgment does not bar such defenses as could not have been properly interposed in such action. Koehler *v.* Schneider, 15 Daly, 198.

A judgment is not *res adjudicata* as to matters not directly litigated. Matter of Selleck, 111 N. Y. 284.

The principle of *res adjudicata* does not apply to matters raised only incidentally or collaterally. Springer *v.* Bien, 16 Daly, 275.

A finding on a question, on which there is no issue of facts, is not binding on the parties. Id.

A judgment is not *res adjudicata* as to matters expressly excluded. Buhler *v.* Hubbell, 32 N. Y. St. Rep. 343 ; Stannard *v.* Same, 123 N. Y. 520.

A judgment does not prevent a re-litigation of an irrelevant fact, though it may have been litigated and found in the prior action. Springer *v.* Bien, 128 N. Y. 99.

A former judgment is not available to establish any fact not material to the adjudication. Cauhape *v.* P. D. & Co., 121 N. Y. 152.

As to when it does not establish the existence of a contract, see case last cited.

So far as the issues, common to both suits, were determined by the first trial, the decision then made is binding upon the parties. Montrose *v.* Wanamaker, 57 Hun, 590.

The recovery in an action for moneys alleged to be due is not a bar to an action for an accounting to date. Id.

Where, in an action founded on the same contract between the same parties brought under the same circumstances, a defense has been adjudged not good, the party is bound by the result, even though wrong. Lorillard *v.* Clyde, 122 N. Y. 41.

As to when it will be inferred that the settlement of a replevin suit was intended to compromise only the specific claim sued for. Lee *v.* Taylor, 56 Hun, 610.

A reversed judgment is no bar. Hancock *v.* Flynn, 54 Hun, 638.

As to when the reversal of a justice's decision in summary proceedings is not binding in an action between the same parties for an unlawful removal. Unglish *v.* Marvin, 55 Hun, 45.

A judgment, allowed to be taken on the first count in an action, is as controlling upon points involved in the remaining counts, as though

entered in an action brought for the first cause of action alone. Case v. P. B. Co., 58 Supr. 435.

Where matter was pleaded in a former suit as a defense and proof of it was ruled out because available only as a counterclaim, it may be made the subject of a subsequent independent action and is not defeated by the former adjudication. DeGraaf v. Wyckoff, 118 N. Y. 1.

The recovery for a permanent injury to an abutter from the erection and maintenance of an elevated railroad, where such recovery is had against the objection of the company, will, *it seems*, prevent a subsequent action for injuries arising from the maintenance of such road. Mitchell v. Met. E. Ry. Co., 56 Hun, 543.

A surrogate's decree, settling the accounts of an executor, will not conclude a legatee as to a fund excluded from the account and withdrawn by the executor, against the legatee's objection, from the settlement. Van Rensselaer v. Van Rensselaer, 113 N. Y. 207.

See further on this point, Van Camp v. Fowler, 61 Hun, 626; Arnold v. Norfolk & N. B. H. Co., 63 Id. 176; Robinson v. N. Y., L. E. & W. R. R. Co., 46 N. Y. St. Rep. 35.