PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment and order affirmed, with costs, except that the order granting an extra allowance is stricken out.

---

ELBERT STANNARD, APPELLANT, IMPLEADED WITH DANIEL BUHLER, *v.* CHARLES E. HUBBELL AND GEORGE A. PORTER, IMPLEADED WITH DANIEL W. RICHARDS AND MORTON B. SMITH, RESPONDENTS.

*Res adjudicata* — *questions within the scope of the pleadings which are not passed upon.*

Although the pleadings in an action are broad enough to permit the litigation and decision of a question existing between the parties, yet where no litigation or decision involving such question takes place, and the judgment expressly provides that such question is left open, the rule of law that a judgment binds parties and privies, not only as to facts actually litigated, but also as to those facts which might have been litigated in the action, does not apply.

APPEAL by the plaintiff Albert Stannard from an order confirming the report of a referee, entered in the office of the clerk of the county of Kings on or about the 12th day of April, 1889.

The action was brought to obtain an adjudication that the hulls of certain vessels be sold at public auction in accordance with an alleged agreement made between certain parties to the action.

The contract, which bore date October 13, 1883, provided that certain ships bought from the government were to be stripped of all the material so far as practicable; that the hulls were to be advertised for sale; that Messrs. Hubbell and Porter were to pay $1,500 as a bonus to Captain Stannard for taking charge of the breaking up of the ships; it also contained other provisions relating to the allowance of five dollars a day to Captain Stannard, and fixed the interests of Messrs. Hubbell and Porter each at one-sixth in the purchase of the ships, and in the proceeds received from the sale thereof; and also contained other provisions.

*A. R. Dyett,* for the appellant.

*William G. Tracy,* for the respondents.

BARNARD, P. J.:

The agreement between the parties contained this clause: "Hubbell and Porter are to pay fifteen hundred dollars, as a bonus, to Captain Sherwood for taking charge of the breaking up of the ships."

It was claimed by Hubbell and Porter that this clause was abrogated. The original judgment for distribution of fund and settling rights of parties in other respects left this question open, and it was referred by agreement to hear and determine. The referee found the clause abrogated, and the report was confirmed and final judgment entered thereon. It appears that Hubbell and Porter commenced an action in Onondaga county, against the present plaintiffs and others, in respect to the same property referred to in this agreement, and their complaint was dismissed on the merits. This clause was not actually litigated, and the judgment, as amended, provided that the question of the abrogation of this clause be left open and neither party be prejudiced by the judgment given. The original judgment was rendered in September, 1885, and the modification made in June, 1887. Both the judgment in Kings county and the Onondaga judgment left open this question, and neither party appealed from the order of reference in Kings county. The question is not *res adjudicata.* The parties were not the same. The adjudication of the $1,500 clause was not actually litigated in either action. Neither party appealed from either judgment, as modified, by leaving open this clause for future debate and contest.

No case, I think, holds that pleadings in an action broad enough to permit a litigation on a certain question which was not made, and when the judgment leaves the question open, is subject to the rule of law that a judgment binds parties and privies, not only as to facts actuating litigation, but also as to those facts which might have been litigated in the action. The case is not one where the Special Term arrested a judgment pending appeal, as was the case in *Genet* v. *Delaware and Hudson Canal Company* (113 N. Y., 472); nor like *Bostwick* v. *Abbott* (16 Abb. Pr., 419), where a judgment was a bar to a new action on the merits, but the court ordered that the judgment should not prejudice a new action. Here the judgments are so drawn as to leave out the very subject involved in the present proceeding. The judgment cannot be *res adjudicata*, as to those matters it refuses to decide, where neither party appeals from the determination. The evidence supports the finding as one of fact. The consideration for the abrogation of the clause was that Hubbell and Porter should induce one Clancy, who had a joint interest with the parties, to sell out the same to the plaintiff Sherwood. Hubbell so testifies "they were willing to abrogate or cancel the clause, * * * that we should go to work in good faith and help them out of their trouble with Clancy." The witness, Porter, stated that "the $1,500 clause was most thoroughly understood to be abrogated." A witness, Smith, testifies that he heard Buhler say to Sherwood that the $1,500 clause had been abrogated. Another witness, one Richards, testifies that he heard Sherwood claim that the agreement, except the $1,500 clause, was still in force. There is direct proof going to sustain the clause, and a strong inference for the unreasonableness of the agreement, which was the consideration of the new agreement destroying the clause.

The case on appeal is subject to the rule as to findings of fact. The dispute, when the testimony is so conflicting as it is in this case, must be decreed settled by the finding of the trial court therein.

The order appealed from should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Order affirmed, with costs.