### SPRINGER v. BIEN et al.

*(Common Pleas of New York City and County, General Term.   June 2, 1890.)*

1. **JUDGMENT—RES ADJUDICATA—IMMATERIAL ISSUES.**
   In an action involving the sole issue whether defendant had wrongfully used plaintiff's trade-mark, and should be enjoined from further using it, a finding of fact that defendant had been employed to sell plaintiff's goods on a certain commission is immaterial, and therefore not *res adjudicata* as against defendant on the question as to his contract with plaintiffs.

2. **PLEADING—REPLY—NEW MATTER IN ANSWER.**
   Code Civil Proc. N. Y. § 514, providing that plaintiff must reply where the answer contains a counter-claim, does not require a reply to an answer averring new matter, but not containing a counter-claim.

3. **ASSUMPSIT—SERVICES UNDER VOID CONTRACT—STATUTE OF FRAUDS.**
   The fact that a contract is void under the statute of frauds will not preclude a recovery for services actually rendered in pursuance thereof.

Appeal from equity term.

Action by John H. Springer against Julius Bien and another.    From an interlocutory judgment in favor of plaintiff the defendants appeal.

Argued before DALY and BOOKSTAVER, JJ.

*Franklin Bien*, for appellants.    *Palmer, Boothby & Gildersleeve*, for respondent.

BOOKSTAVER, J.   This is an action in equity brought by the plaintiff against the defendants, constituting the firm of Julius Bien & Co., for an accounting as to moneys received by them since May 4, 1889, upon orders for theatrical engraving procured by the plaintiff for them prior to that time, under a contract by which they agreed to pay the plaintiff 10 per cent. on all moneys received by them on orders for such engraving brought by the plaintiff to them, which 10 per cent. was to be paid as such moneys were received by the defendants from such orders.   All the material allegations in the complaint, except the terms of the agreement and the allegation that there was anything due the plaintiff, were either admitted by the answer or upon the trial of the action; and the findings of fact in respect to that agreement, made by the learned chief justice, were fully supported by the evidence in the case.   Indeed, we do not understand the appellants to seriously challenge any of them upon this appeal.   But the defendant claims that a judgment in an action in the supreme court between the same parties and others is a bar to the plaintiff's claim here, and is *res adjudicata* as against the plaintiff upon the question as to what his agreement with the defendants was.   That action was commenced in the supreme court by the defendants in this, as plaintiffs, against the plaintiff in this action and others as defendants, to restrain them from the use of a certain name and trade-mark, and from doing business under that name, or collecting moneys thereunder, and for an accounting for the moneys theretofore collected under that name, and for no other relief; and the judgment in that action was for that relief, and that only.   The allegation in the complaint in the action in the supreme court, in regard to what the compensation to the plaintiff in this action should be, was substantially as alleged by the plaintiff in his complaint in this action; and the plaintiff's answer in the supreme court action admitted that allegation. There was therefore no issue of fact to be tried upon that question in that action; and the terms of the agreement in respect to compensation were only alleged in the complaint in the supreme court action as one of the links in the chain upon which the right to an injunction was founded.   Notwithstanding this, the plaintiffs in the supreme court action procured from the judge who tried it the following finding of fact:  "*Eleventh.*  That these plaintiffs, and the said James Mitchell as well as these plaintiffs, agreed to employ and did employ the said John H. Springer, for which he was to receive ten per cent. as aforesaid, which said commission should be paid to him as long as he remained in the employ of the defendants and the said James Mitchell prior to December 11, 1888, and with these plaintiffs since that time."   The eighth finding of fact in that action contains a similar finding. Obviously, this finding was not a material matter within the issue which was expressly litigated and determined in the supreme court action, nor was it comprehended or involved in that action, as no judgment could have been rendered in favor of the defendant in that action for his claim in this.   The only question to be determined in that action was whether the defendants in it had wrongfully used the name and trade-mark then in controversy, and whether they should be enjoined from the further use of them.   *Campbell* v. *Consalus*, 25 N. Y. 613, was an action brought to foreclose a mortgage. The defense set up payment.   On the trial the plaintiffs claimed that, prior to the commencement of that action, an action had been begun by the defendant therein against the plaintiff's assignor, to cancel the mortgage, on the ground that it had been paid, and that in such action the referee to whom it was referred found that the mortgage had not been paid, and that there was due thereon the sum of $2,754.88, and that the complaint in that action had been dismissed, with costs.   The referee in the action to foreclose the mortgage held that the prior judgment was binding to the extent that it found that the mortgage had been paid, but that the finding of the referee in the prior action, that there was due on the mortgage the sum above men-

tioned, being an immaterial finding, and not embraced within the issues, was no evidence whatever of the amount due, and was not *res adjudicata* upon that point. The referee's report was confirmed, and on appeal affirmed by the general term and the court of appeals. The court of appeals held that inasmuch as the finding of the referee in the prior action as to the amount due was an immaterial finding, and upon a matter not raised in the pleadings, it was not *res adjudicata* between the parties; that the pleadings in that action "did not directly or necessarily require the referee to find or report how much was due on the mortgage. * * * · But the evidence and inquiry as to the amount due was merely incidental or collateral to the issue whether anything was due. And it would appear from the case before cited that the principle of *res adjudicata* does not apply to matters raised only incidentally or collaterally." See, also, *People* v. *Johnson*, 38 N. Y. 63. Hence the learned judge who tried the case committed no error in finding as he did in respect to the findings of fact and of law presented to him bearing upon that subject.

Appellants also contend that, inasmuch as in the forty-first section of the answer they alleged the agreement in the complaint stated, by its terms, was not to be performed within one year from the making thereof, and that there was no note or memorandum in writing of the agreement, and inasmuch as there was no reply to this allegation, that, therefore, the defense was admitted, and this action should not be maintained by reason thereof. The first answer to this contention is that section 514 of the Code only requires replies to answers where a counter-claim is set up. This was not a counter-claim, but a defense requiring no answer. New matter in an answer, not stating a counter-claim, is deemed controverted, and may be traversed or avoided in any way. *Arthur* v. *Insurance Co.*, 78 N. Y. 462.

But, even if this was not so, from the time of the passage of the statute of frauds to the present day, no case can be found which adjudicates that a party may not recover for work actually done or services rendered under a contract obnoxious to such statute, and this action is to recover for money earned, and not for future or prospective damages arising from a breach of contract.

None of the exceptions to the admission or exclusion of evidence were argued on this appeal, either orally or in the briefs of counsel, and they therefore do not require any examination. The defendants in their answer set up a counter-claim. On the trial no evidence was given in regard to it, nor indeed had the time arrived to give such evidence. But the plaintiff, at the close of the case, moved to dismiss the issue made by the answer as far as the counter-claim was concerned. The court very properly denied the motion. Manifestly, through some inadvertence, the learned judge who tried the case signed the fourth conclusion of law presented by the plaintiff, as follows: "The plaintiff is entitled to have judgment against the defendants dismissing the counter-claim set forth in the answer and the supplemental answer herein;" and the judgment contains the following: "And it is further adjudged that the counter-claim set forth in the answer and the supplemental answer of the defendant herein be, and the same is hereby, dismissed." This clause should be stricken from the judgment, so as to allow the defendants to litigate their counter-claim upon the accounting, if so advised. As thus modified, the judgment should be affirmed, but, under the circumstances, without costs of this appeal to either party as against the other.