## HENDERSON *v.* KOHN et al.

(Supreme Court, General Term, Second Department. July 18, 1890.)

JUDGMENT—RES ADJUDICATA.

Defendants made advances to plaintiff, taking his notes therefor which were collaterally secured by deeds of his lands. On the failure of defendants their assignee brought an action at law against plaintiff on the notes, which were declared invalid and a judgment with costs was rendered against the assignee. *Held,* that such judgment was not a bar to a subsequent action by plaintiff against defendants, for the recovery of the notes and a reconveyance of his lands.

Appeal from special term, Kings county.

Action by Malcolm Henderson against Julius A. Kohn and others, to compel a reconveyance of land given as collateral for notes. There was judgment for plaintiff, and defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Nathan Bijur,* for appellants. *Moore & Moore,* for respondent.

BARNARD, P. J. The present defendants, in October, 1886, were partners under the name of J. O. Kohn & Co. This firm advanced money to the plaintiff, and took as security from him deeds of land in Tennessee as collateral security. These advances were made under agreements in writing in respect to the building of a railroad in Texas on the joint account of plaintiff and defendants. The firm of J. O. Kohn & Co. subsequently failed in busi-

ness, and John A. Kohn, as assignee of the notes, brought an action upon them. In this action upon the notes the present plaintiff, Henderson, set up a breach of the contract under which the notes were given, and claimed that the notes were invalid, and that the lands given as collateral thereto should be deeded back to him, (Henderson.) The action for the recovery of the notes was tried by a jury, and it appeared that the notes were invalid, and the jury rendered a verdict to that effect. The judgment was entered simply in favor of the defendants, with costs. This action is brought to obtain a reconveyance of the land thus taken and held for these void and inoperative notes.

The first action is not a bar to this action. The former action binds the parties, and the judgment states that the right to obtain the reconveyance of the land was not within the issues which were tried in the action. The evidence offered to support the counter-claim was excluded because it could not be maintained in the action. The former action is only conclusive as to those matters which were or might have been litigated between the parties. *Goebel* v. *Iffla*, 111 N. Y. 170, 18 N. E. Rep. 649. The judgment, therefore, should be affirmed, with costs. All concur.