Andrews, J.
The sole point relates to the effect of the judgment in the former action of the present defendants against the present plaintiff and others, as res adjudicata upon the question involved in this action.
This action is based upon an alleged employment of the plaintiff by the defendants under a contract that he was to act as their agent in procuring orders for their *214 work, and was to receive as compensation ten per cent, on all money realized by their firm from orders so procured. The relief demanded was an accounting by the defendants of moneys received by them subsequent to-March 4, 1889, on orders obtained b}' the plaintiff before-he left their employment, but upon which the moneys, were not realized until after that time.
The defendants in their answer do not deny specifically the contract alleged in the complaint, but set up among other defences the judgment in the prior action as a bar to the claim in the present one.
The former action was brought to restrain the use by the defendants therein of the name of “The Central Lithographing and Engraving Company ” in the business of a corporation organized under that name by Springer and others after Springer had left the employment’ of the defendants. The plaintiffs in that action claimed the name as their trade-mark and that they were exclusively entitled to its use. After issue joined 1 the case was heard before a judge at special term, who,, after the evidence was closed, made findings of fact and law, upon which judgment was entered for the plaintiffs therein, among other things enjoining the defendants from using the name of “The Central Engraving and Lithographing Company and the judgment contained a further provision requiring the defendants and each of them to account to the plaintiffs for all contracts, letters or other property which may have been obtained by the defendant, John H. Springer, as the agent of the plaintiffs in the name of “ The Central Lithographing and Engraving Company,” and for such purpose William J. Fanning was appointed referee-to take and state the account. The claim is that this judgment is res adjudicata upon the claim for compensation upon which this action is brought. It is said that on the trial of the former action evidence was given as to the terms of the contract for compensation, *215 from which it appeared that the ten per cent, commission was only to be paid upon moneys received by the defendants on orders placed by Springer during his employment by Bien & Co., and that moneys received thereafter on orders procured by Springer, but which were unexecuted when his employment ceased, were not subject to the commission.
We are also referred to certain findings made by the trial judge in the former action, which, as claimed, sustain this construction of the contract. It is a sufficient answer to the claim of estoppel by the former judgment, that conceding that the evidence in that action warranted a finding that the present plaintiff was only to have commissions on moneys actually received during his employment, and that the findings bear the construction contended for, nevertheless they were wholly irrelevant to the issues and did not enter into and were not involved in the final judgment.
Neither the verdict of a jury nor the findings of a court in a prior action upon the precise point involved in a subsequent action between the same parties, constitute a bar unless followed by a judgment based thereon, or into which the verdict or finding entered. It is the judgment which constitutes the bar and not the preliminary determination of the court or jury. So also, and for obvious reasons, although judgment has been entered, the judgment does not prevent the relitigation of any irrelevant fact, although it may have been litigated and found in the prior action (Webb v. Buckelew, 82 N. Y. 555 ; Stannard v. Hubbell, 123 Id. 528).
The question whether the contract for compensation included commissions on all orders procured by the plaintiff during his employment, upon which moneys should be realized by the defendants at any time, or only on orders procured, upon which money *216 was realized during the employment, was immaterial to the judgment and relief granted.
The accounting provided by the judgment did not embrace the matter of compensation and that question was still open, notwithstanding the judgment, to subsequent controversy. The claim now made is not inconsistent with any matter adjudged in the former action, although it may have been covered by the evidence and embraced in the findings.
We think the defense of res adjudicata was properly disposed of below, and the order should therefore be affirmed.
All the judges concurred except Finch, J., absent.
Note on the Effect of a Verdict, or Findings, and the Judgment thereon, as res judicata available IN ANOTHER ACTION.
I. The general principle.] Several practical inferences from the case in the text are important. First, that even if the parties settle, upon the heels of a verdict or decision, it is wise to have a judgment entered unless adequate releases are taken. Second, that when judgment is entered on a verdict, or findings after a trial on which all the issues arising on the pleadings were not determined, or upon a decision which contains findings not essential to the judgment (whicli will be often the case under the rule in Schultheis v. Mclnernjq p. 193 of this vol.) it is often for the interest of the unsuccessful party to have the judgment expressly limited to the findings essential to sustain it.
There is a class of cases in which a judgment may be a bar on questions not touched by any finding, and not within the issues on the cause, as where a former recovery for part of a cause of action bars a recovery for the residue, or as where a second action on the same cause proposes to take issue on, and try questions, that might have been but were not raised in the first action (Cromwell v. Count of Soc. 94 U. S. 351; Ostrander v. Campbell, 20 State. Rep. 806 s. c. 3 N. Y. Supp. 597).
In reading the authorities on res judicata, a principal source of apparent conflict is at once avoided by bearing in mind this radical distinction, not mentioned on the statement of the general rule in the opinion in the text, between an adjudication in a second action for the same cause or *217 perhaps I should say on the same cause or theory of action, and a second action upon a distinct cause, although it may be upon facts arising out of the same transaction. Where both actions are for the same cause, the effect of judgment in the former extends beyond the actual questions found or even litigated to include all that ought to have been litigated. While if the actions are for different causes, as in the case in the text, the adjudication in the former extends only to the findings material to the judgment or such parts of them as are material thereto ; and questions actually in issue and covered by the findings are not within the adjudication unless material to support it.
II. Verdict or finditigs without judgment?^ The general rule that a verdict without judgment thereon is not res judicata, is subject to several exceptions which throw light on the rule as to the effect of findings of a judge or referee.
In the first place the reason of the rule is, that until judgment the court have power to set aside the verdict; (cases i, 17), and consequently it seems to be settled that in an inferior court, where there is no such power, the verdict is an adjudication (cases 17, 18). But as the power of a court to set aside a verdict is not taken away by judgment (Matthews v. Herdtfelder, 39 State Rep. 486), the better statement of the rule is that in a court of record a verdict which has not received the sanction of the court is not alone a bar, and is not even competent as evidence (cases 1, 2, 4, 5, 34).
This principle applies equally to special findings of a jury, at law, or on issues framed in an equity case (cases .3, 7, 8,) and to an order for decree (case 9).
It necessarily follows that a judgment entered, not pursuant to the verdict, but on some other ground, is not a bar; (and so are the cases, 10, 11.)
Whether the acquiescence of the unsuccessul party in the verdict, manifested decisively by his payment or delivering of what it requires, is equivalent to the sanction of the court, is a matter of some difference of opinion (cases 12-16). This question is better solved, by holding that the binding effect of a mere verdict acquiesced in depends not upon adjudication but upon principles of waiver or estoppel ; and this view opens the question in each case to inference upon the fact and the apparent intent (see Hayes v. Nourse, 107 N. Y. 577, to the effect that paying a judgment is not necessarily a waiver of the right to appeal).
In respect to justice’s judgments, the authorities are at variance as to whether a verdict without judgment is a bar, after the time within which the justice has power to enter judgment has passed without his entering it (cases 17-19). *218 The true rule seems to be that a verdict which by the law has become enforcible, is an adjudication ; and one which has not so become is not an adjudication.
In all these various classes of cases, the distinction: between an adjudication set up as barring a second action, for the same cause, on the ground of double vexation (see 26 Abb. dd. C. 218) and one set up as an adverse adjudication, is important and may be vital.
III. Findings as limited in effect by the judgment entered thereon.]
1. Finding not within the issues of the pleadings.] It is clear beyond all question that in a second action for a different, cause, a finding in the former action, on a cause of action; or a defence not within the issues raised by the pleadings-in that former action, cannot amount to an adjudication (Reynolds v. Stockton, p. 1x2 of this vol.) And the effect of such a finding is no .greater even where such matters, were competent as evidence tending to support a fact within the issues raised by the pleadings, and were even made the: subject of a special question or issue framed and submitted to a jury (cases 20, 21).
2. Finding within the issues but not necessary to support the judg)7ient. Finding on an inrmate7-ial attegatio7i adi7iitted by not denying.] An admission in the pleadings, even though made the subject of a finding to the same effect, followed by judgment, is not conclusive on the party, if the fact admitted was not material to the action and could not have been made the basis of a judgment in that action (cases 23, 24).
3. Findiiig tmnecessarily bi-oad.] If a finding is unnecessarily broad (20-23), even though the unnecessary part was. actually in issue (case 24), the judgment is not, in a second action on a different cause, conclusive as to the unnecessary excess, but only as to that part of it which is material to tliejudgment.
4. Fifiding against a party who is successful 011 another groimd. As a finding in favor of a party will not sustain an appeal by him, so a finding against a defendant purporting to establish the existence of a cause of action, coupled with a finding in his favor of a defence, so that nothing is recovered against him on that cause of action, does not make an adjudication available to conclude him in a new action on the-same cause of action brought in a mode to avoid that defense (case 25). It makes no difference that there was a recovery against him in the former action upon another cause of action ; because upon appeal from that judgment he could not have complained of the finding against him of *219 the cause of action to which he had established his defence (cases 25-26.)
5. Finding material or not accorditig to whether affirmative relief rests on it.\ Where a question of value has to be determined in order to determine not the amount of recover}' but only the right to recover—as where one sues to cancel a security as paid—and, though neither party prays for an accounting, evidence on the issue of payment shows a specific balance unpaid, and a finding to that effect follows,—judgment consequently dismissing the suit to cancel does not make that finding an adjudication of how much is due, such as to conclude the party in a suit to recover the balance (case 27). But where either party prays for affirmative relief', dependent on the amount, as in case of an accounting had to enable defendant to get judgment for a return of what he had transferred or paid, then the judgment makes the finding an adjudication on the amount (case 28).
6. Of the right to have the judgment conform to and be limited by the findings material to support it.~\ The judgment must include affirmative relief sustained by the findings, and within the issues (cases 29, 30).
The judgment should be expressly qualified by excluding specified issues ; on which there was no finding. Thus, where a general judgment has been rendered on a general verdict on a trial at which one or some of the issues was excluded from the consideration of the jury, a motion should be granted to modify the judgment by expressly excepting such issue (cases 31, 32).
And where a defendant sets up a defence and a claim to affirmative relief, and the judgment, in his favor with costs, states that the right to the affirmative relief was not within the issues which were tried, the judgment is not a bar to a fresh action for such relief (case 33).

Notes of Cases.

I. Effect of verdict or findings without judgment.
II. Effect of special findings not material to the judgment.
III. Conforming judgment to material findings.
I. Effect of Verdict or Findings without judgment.
1. Petton v. Walter, 1 Stra. 161. The production of Hat. postea is no evidence of the verdict without showing a copy of the final judgment, because it may happen the judgment was arrested or a new trial granted.
*220 2. Donaldson v. Jude, 2 Bibb. (Kyi) 57. In an action for freedom, Jield, that a verdict in a former similar action upon which there had been no judgment, could not be given in evidence.
3. Schurmeier v. Johnson, 10 Minn. 319. In an action on a note, the defendants set up that a suit had been brought to cancel the notes, and that a verdict therein had been rendered in favor of the plaintiff.—Held, that such verdict did not operate as an estoppel until it received the sanction of the court and passed into judgment.
[This was probably a verdict on special issues framed in an equity ■case for a jury.]
4. McReady v. Rogers, 1 Nebr. 124. Action for causing plaintiff’s property to be wrongfully attached. Held, that a verdict without a judgment is not admissible as evidence of a former adjudication.
5. Gurnea v. Seeley, 66 Ill. 500. On the trial of replevin, where plaintiff claimed the property as bailee of his father, the defendant in order to show a former suit by the father against him for the same property in which the plaintiff was defeated, was permitted to prove the minutes on the judge’s docket, and the verdict, which was not guilty, without offering the record proper or any judgment: Held, that the minutes of the judge were not admissible to prove the proceedings in the prior suit, and the verdict availed nothing without judgment.
6. Estate of Holbert, 57 Cal. 257. Proceedings in probate court to distribute property, devised. There had been some proceedings, had for partial distribution, upon which the court had filed findings, but no decree had been entered; and it did not appear that the parties to the present controversy were before the court on the former proceedings, or that the court had obtained jurisdiction in such proceedings. Held, that the findings could not be received in ■evidence.
7. Saylor v. Hicks, 36 Pa. St. 392. The verdict of a jury upon an issue directed by a court of equity, no final decree having been entered in the cause, is not conclusive upon the parties on the trial of an action for trespass in which the same question was raised.
8. Hawks v. Truesdell, 99 Mass. 557. Action on a note, At the first trial of the case there were special findings for the defendant but under the instruction of the court a general verdict was rendered for plaintiff. Upon a new trial granted upon appeal from the direction of verdict, the court ruled that plaintiff was precluded *221 from controverting the special findings in defendant’s favor on the former trial, and directed a verdict for defendant. Held, in sustaining exceptions to such direction, that the special findings not having been confirmed by judgment, and not being involved in the general verdict, were not conclusive on either party.
9. Gilpatrick v. Gildden, 82 Me. 201. Until there is a final decree the court may allow an amendment of the bill. A mere order directing a decree to be drawn in due form is not a final decree.
10. Reed v. Proprietors of Locks and Canals, etc. 8 How. ( U. S.) 274, 290. In an action to recover land, the defendants gave in evidence the record of a former writ of entry in which there was a judgment in favor of the occupants on matters reserved, notwithstanding there was a special verdict favorable to the claimant. Held, proper to instruct the jury in the second action to the effect that the verdict of the former jury was not conclusive upon the defendants in the present suit, and did not operate by way of estoppel as to the facts stated therein.
11. Smith v. McCool, 16 Wall. (U. S.) 560. Where in ejectment upon a special verdict judgment was entered in favor of the plaintiff which judgment was on appeal reversed with directions to enter judgment for the defendant, held, that the reversal not having been on the ground that the verdict showed title in the defendant, but that it showed no title in the plaintiff, the verdict could not be used in evidence in a second action of ejectment upon an after acquired title to establish a fact on which plaintiff’s title depends, since the judgment rendered was not founded on the facts found by the verdict.
12. Shaeffer v. Krutzer, 6 Bin. (Penn.) 430. In ejectment a verdict in a former ejectment between parties under whom the parties to the present suit claim, is evidence against the defendant although no judgment had been entered, where it appears that the defendant in the former suit had acquiesced in the verdict by paying the costs and delivering possession.
13. Armstrong v. Colby, 47 Vt. 359. Ejectment. Evidence of verdict in a former ejectment admissible in evidence where it appeared that plaintiffs had acquiesced in the verdict by paying the defendant his costs.
14. Estep v. Hutchman, 14 Serg. & R. 435. Ejectment. Defendants offered in evidence the record of a suit for the breach of a contract to convey in which there was a verdict for damages to be *222 released on the delivery of a deed by the defendant. Without moving fora new trial or an arrest of judgment, defendant produced the deed and in consequence no judgment was entered on the verdict. Held, that the verdict was conclusive as to the same matters ■ coming in question in another suit.
[Here the proceedings were peculiar to Pennsylvania, there being no court of chanceryand the verdict was conclusive on the ■ court],
15. Pallitz v. Schell, 30 Fed. Rep. 421. If defendant obtains a verdict for costs which plaintiff pays, this constitutes an acquiescence in the verdict, and a renunciation of the right to further prosecute the claim adjudicated in that suit ; and will bar another action thereon even though no formal judgment be entered on the verdict.
16. Nash v. Hunt, 116 Mass. 249. In contesting the probate of •a will, a record of an equity suit was offered in evidence which had not proceeded to final judgment, but had been settled by the parties upon the basis of the master’s report.—Held, that a master's report is not evidence as an adjudication between the parties until it has been accepted, and judgment rendered upon it.
17. Felter v. Mulliner, 2 Johns, 181. In an action before a justice of the peace, defendant pleaded a former judgment in an ■action for the same cause before another justice. The evidence ^showed that a verdict had been rendered substantially for the •defendant, but the justice had rendered no judgment.—Held, that the verdict was a bar to the second suit, for the justice is bound to .give judgment on the verdict and cannot arrest it or grant a new trial.
18. Kane v. Dulex, 3 E. D. Smith, 127. Dictum that a verdict in a N. Y. city district court, is a bar to another action for the same ■cause although no judgment has been entered thereon, and although no judgment could be entered on the verdict by reason of the lapse ■of time. Followed in N. Y. City Ct., Nahrman v. Fontham, Daily Reg., June 10, 1884.
19. Dunlap v. Robinson, 12 Ohio St. 530. Action on a note. •On demurrer to a defense setting up a verdict in a justice’s court in an action for the same cause, but upon which no judgment had ' been rendered.—Held, more time having elapsed before bringing the present action than was allowed by statute to the justice to render judgment, his failure to render judgment worked a discontinuance of the action and the verdict without judgment was not therefore a bar to the action.
*223 II. Effect of Special Findijigs not Material to the Judgment.
20. Hymes v. Esty, 116 N. Y. 501, 509. Action on covenant of warranty, alleging as breach that at the time of the conveyance the land was incumbered by a highway. In a former suit brought by the same plaintiff against the village to enjoin interference with the land, it was found that the alleged highway was dedicated as such and thereupon accepted, improved, and maintained as a public street, and also, that it had been used, occupied, and maintained as a public street or passageway for teams, etc., for more than twenty-five years last past.—Held, in the present action, that the judgment on such finding although it concluded plaintiff as to the fact of highway, which was material in the former action, did not conclude him as to the open and public use, which was not essential in that action. Hence it was error not to allow the question, whether the easement was apparent at the time of the covenant, to go to the jury.
21. Lorillard v. Clyde, 99 N. Y. 196. In this case the people sued to dissolve a corporation, the complaint alleging that some of those signing the original articles of association were at the time of signing mere clerks, and were afterward required to transfer their stock to the real party in interest, reducing the number of shareholders below that required by law; -and that there was not the lawful number of directors; that no meetings or elections had been held; that the president thus obtained and exercised unlawful control, and the company had been insolvent for more than a year, etc. Lorillard, the vice-president, on whose relation the answer alleged that the action had been brought, was ordered to be made a party. The court settled issues for trial by jury, some of which included in effect the questions, whether the corporation was organized in good faith, or as a device to carry on a private firm business under the guise and with the protection from liability of a colorable incorporation and whether there were the legally required number of bona fide corporators, and directors respectively. The findings of the jury were against defendants on these and other questions. The judgment of dissolution recited generally that it had been established that the company had violated law, forfeited its charter, and •exercised a franchise not conferred by law. (See 48 Super. Ct. [J & S.], 409).
Lorillard the vice-president then sued the president on a guaranty the latter had given him in the contract resulting in the form.ation of the company, and defendant in this second action relied on the verdict in the former action as an adjudication that the con *224 tract was illegal and void.—Held, that the validity of the contract and the questions as to good faith in organizing were not within the issues raised by the pleadings, and therefore the findings of the jury were not an adjudication. Even if the evidence as to the contract and want of good faith was competent under the pleadings in the former action, it was merely as evidence, and a finding of matter of evidence is not res judicata.
But conclusions of law or fact which necessarily flow from a judgment, though not expressly found, are not incidental or collateral so as to remove them from the scope of the estoppel within the rule in the Duchess of Kingston’s Case, 11 State Trials, 261.
22. Compare Pray v. Hegeman, 98 N. Y. 351; aff’g 33 Hun, 358, holding that a judgment sustaining the validity of a trust both as to the principal and accumulated income, is resjtidicata as to the accumulations and bars a new action for them. It was sought by plaintiff to maintain that the former action was for specific moneys and the latter an equitable action to establish a lien on the fund.
23. Springer v. Bien, 32 State Rep. 63; s. c., 10 N. Y. Supp. 530 (confirmed by the decision reported above). In a former action for an injunction against using a name and trade-mark, the complaint contained an allegation in regard to the compensation to be paid by one party to the other under a contract between them. This allegation was admitted by the answer in the former action, and the court also made a finding thereon.—Held, that the principle of res jtidicata did not apply to make the finding conclusive on the existence and effect of the contract when sued on in another action, because, in the former action it was not material, and there was no issue of fact on that question and that the finding did not bind the parties.
24. Stannard v. Hubbell, 123 N. Y. 520. Action to enjoin defendants from proceeding, under a clause of a written contract, to sell property in which both parties were interested, plaintiff alleging that the written contract had been superseded by a later verbal one. Another clause of the written contract provided for compensation to be made by one party to the other for services; but the verbal contract alleged by plaintiff contained no compensation clause. The answer denied that the written contract had ever been modified in any respect. The trial judge found among other things that the minds of the parties never met on the proposed substitutional agreement, and that they never made the verbal agreement alleged.—Held, that although this question was an issue on the pleadings, it was material only so far as it bore on the clause as to sales; and that judgment on the findings that plaintiff was not *225 entitled to any relief in the action, was notan adjudication that the clause as to compensation had not been superseded by the alleged! verbal contract. Aff’g 56 Hun, 450.
25. Cauhape v. Parke Davis & Co., 46 Hun, 306. In the former-action two separate causes of action were proved. The referee-, found the existence of both, but found that on one he had no jurisdiction to grant relief, and gave judgment for plaintiff on the other.. —Held, in a second action on the cause of action not recovered in. the first, that the finding of the existence of the contract was not. evidence of its existence.
Before the finding in such case can be successfully invoked against the defendant as a prior adjudication, it must appear that it constituted a decision, or a basis of a decision, from which the defendant could have appealed.
On appeal, this decision was affirmed (112 N. Y. 152; s. c., 30 State. Rep. 681), the court of appeals saying, “ The finding that there was such a contract was, at most, mere inducement or introductory to the finding of want of jurisdiction. It was not an essential ground upon which relief was denied, and the denial of relief did not rest upon it. It is for the reason that the denial of relief upon the second contract did not go upon the merits that the plaintiff is enabled to bring a second action thereon.”
It appearing also, that the court in the former action limited the recovery under the contract on which they gave judgment, by excluding the period covered by the contract on which they refused to give judgment for want of jurisdiction of the cause of action,— Held, that this did not afford ground for treating the finding as an adjudication, for if relief was denied plaintiff erroneously, he should have sought correction of the error in that action.
26. Shaw v. Broadbent, 26 State Rep. 836; s. c., 7 N. Y. Supp. 293. Action for specific performance of a contract for land. Plaintiff relied as establishing the contract, on a finding of its existence, made by a referee, before whom a previous action against the plaintiff brought by the present defendant had been tried. That was an action upon an account in which the then plaintiff, the present defendant, alleged the agreement and gave credit in the account sued on for the price, and as these credits more than offset the items of charge which plaintiff succeeded in proving, the referee in that action, though finding that the agreement was made and a credit due thereon, directed judgment for defendant, dismissing the complaint with costs,—Held, that the existence of the contract was not res judicata, because (1) it was not in issue in the first action ; and (2) the finding did not conclude the then defendant *226 (present plaintiff) for as the judgment was in his favor he could not appeal from it. Hence he could in the present action for specific performance contest the existence of the contract.
27. Campbell v. Consalus, 25 N. Y. 613, explained in Hadcock v. O’Rourke, below cited,
28. Hadcock v. O’Rourke, 4 N. Y. Supp. 185 ; s. c., 17 State Rep. 894. In replevin for canal boats claimed under a mortgage, the rights of the parties depended on the amount due under the mortgage, and the referee, in order to ascertain that amount, determined the value of mules and harness which had been taken by the mortgagee, and finding that that value exceeded what was otherwise due on the mortgage, gave judgment for defendant, awarding a return of the boats, but awarding nothing for the mules and harness.—Held, that the value and ownership of the mules and harness as well as the amount unpaid on the mortgage, were both res adjudicata, and concluded the parties in another action between them Buff. Super. Ct. Tr. T. 1888.
III. Co7iforming Judgme7it to Material FiTidiTigs.
29. Holden v. Strong, 116 N. Y. 471, 475. Action to construe a will, and have the executor instructed to pay certain sums to plaintiff. The decision of the judge construed the will, and found as a conclusion of law that the question of payment under it rested in the discretion of the executor with which the court would not interfere. Held, that the plaintiff had the right to have the judgment declare the construction; but a judgment of dismissal on the merits should be affirmed on appeal,—for the irregularity should have been corrected by motion to make the judgment conform to the decision.
30. Outwater v. Moore, 124 N. Y. 66. Action to compel defendant to lower a dam, and as another cause of action to compel him to put back a division fence which it was alleged he had removed from the true line on to the land of plaintiff, and for damages. Answer general denial. The judge who tried the cause without a jury found the facts as to the fence in favor of defendant. The judgment entered contained no adjudication upon the issue relating to the fence. But the judgment was for the plaintiff on the ■other cause of action.
Held, that defendant was entitled to have the judgment modified :so as to adjudge that the fence was not upon the land of the plaintiff, but upon the boundary line. The court after adverting to the fact that the issue as to the location of the fence had been fully *227 tried, say, " When the trial court found the facts in favor of the defendant, he was entitled to the fruit of the finding by having the law properly applied, and such an adjudication made as would by matter of record, estop the plaintiff from reopening the controversy. It, therefore, became the duty of the court, upon the request of the defendant seasonably made, to direct such a judgment in his favor -as the established facts required, so there might be authentic, permanent and indisputable evidence of record as to his rights. As the complaint could not be dismissed upon the merits, because the •plaintiff succeeded on the second cause of action, the defendant could have adequate protection only by an express direction for judgment in his favor to the extent that the facts were found in his favor.”
31. Taylor v. Taylor, 28 State Rep. 743; s. c., 7 N. Y. Supp. 880. Ejectment; in which defendant pleaded that he got possession under an agreement with plaintiff’s grantor entitling him thereto, •and that he had paid the consideration under the agreement. No •evidence of the payment was given, and the jury were instructed irrespective of the question of payment, that the agreement, if established, entitled the defendant to possession as against plaintiff. Held, that the judgment should be modified so that defendant should have judgment upon all the issues, except the issue raised by the answer that defendant had performed the agreement and .made full payment of the purchase money.
32. Stannard v. Hubbell, 123 N. Y. 520; affg. 56 Hun, 450; s. c. 32 State Rep. 343; 10 N. Y. Supp. 254, is to the same effect, where •a judgment on the merits was amended so as to provide that a .specified question be left open and neither party be prejudiced by the judgment given.
33. Henderson v. Kohn, 32 State Rep. 1056; s. c., 10 N. Y. Supp. 823. Supm. Ct. 1890. [The case is not clearly reported, but it seems to imply that- a simple statement in a judgment that a •specified question was not within the issues tried, maybe sufficient to make the judgment without prejudice on that point.]
34. Concordia Savings & Aid Association v. Read, 14 State Rep. 8, holding that an adjudication had before the present suit was brought is admissible if judgment thereon has been entered even after the present suit was brought.