VAN DYKE *v.* CLARK.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

1. STATUTE OF FRAUDS—SERVICES OF STALLION—EVIDENCE.
    The owner of breeding mares verbally agreed that the owner of a stallion serving them should receive a colt for such services, to be selected from the colts 4 months

after they should be foaled. *Held*, the period of gestation requiring 11 months, that the agreement was within the statute of frauds, and void.

2. REPLEVIN—DEFENSES—STATUTE OF FRAUDS.

The fact that plaintiff in replevin claims title under a contract within the statute of frauds may be availed of by defendant, though not set up in the answer.

Appeal from Essex county court.

Action by John W. Van Dyke against George D. Clark to recover a colt claimed by plaintiff under a contract by which plaintiff was to be allowed to select a colt from such as should be foaled by defendant's breeding mares and sired by plaintiff's stallion, as compensation for the services of such stallion, such stallion to be made four months after the foaling of the colts. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Robert Dornburgh*, for appellant. *John H. Cunningham*, for respondent.

PUTNAM, J. I think the contract under which plaintiff claims title to the colt in suit was, within the statute of frauds, an agreement not to be performed within a year. The period of gestation in mares was shown to be ordinarily 11 months. After that period, 4 months must elapse under the contract before plaintiff could select a colt. Therefore the agreement required 15 months for its performance,—15 months before the plaintiff could demand the possession of or acquire title to the colt. The case of *Lockwood* v. *Barnes*, 3 Hill, 128, applies; and see *Kellogg* v. *Clark*, 23 Hun, 396. In *Lockwood* v. *Barnes* it is held that, although performance is to begin and does in fact commence within a year, yet, if the contract is not to be completely executed within the year, it is within the statute; and the cases cited in note B, at page 130, fully sustain this doctrine. In *Broadwell* v. *Getman*, 2 Denio, 87, it is held that a contract not to be completely executed within a year is void, although one of the parties is to perform everything on his part within the year, if a longer time is stipulated for performance by the other. In this case the agreement was no more an executed one than in the case of *Lockwood* v. *Barnes, supra*. I think that the cases of *McKenna* v. *Bolger*, (Sup.) 1 N. Y. Supp. 651; *Springer* v. *Bien*, (Com. Pl. N. Y.) 10 N. Y. Supp. 530; and other cases cited by plaintiff,—are not in conflict with *Lockwood* v. *Barnes, supra*. Those cases so cited by plaintiff do not hold that a contract void by the statute of frauds can be enforced, but that, where such a contract has been fully performed, a plaintiff may recover for the work done or property delivered under such contract. So in *Lockwood* v. *Barnes, supra*, it was held that defendant, refusing to go on with the agreement, must pay for the use of the horse. See *Galvin* v. *Prentice*, 45 N. Y. 163. So, in this case, the plaintiff is not without a remedy. He can recover of the defendant on a *quantum meruit* the value of the services of his horse.

I do not consider the point raised by defendant, that, irrespective of the question of the statute of frauds, the title to the colt which the plaintiff seeks to recover under the contract did not vest in the plaintiff so that he could maintain the action. *Comfort* v. *Kiersted*, 26 Barb. 472. In an action of replevin, it was not necessary for the defendant to plead the statute of frauds in order to avail himself of that defense upon the trial. All that was necessary or proper for the plaintiff to state in his complaint was that he was the owner of the colt, and that it was in the possession of the defendant, who refused to surrender it. The defendant, under a general denial, could put the plaintiff to proof of his title, and could show any state of facts on the trial that would disprove such title. He could doubtless show that the contract under which the plaintiff claimed was void. *Amburger* v. *Marvin*, 4 E. D. Smith, 393. The judgment should be affirmed, with costs. All concur.